# St. Louis Hay & Grain Co. *v.* American Cast Iron Pipe Co.

*Breach of Contract.*

(Decided Feb. 10, 1910. Rehearing denied June 30, 1910.
52 South. 904.)

1. *Sales; Breach; Remedy.*—An action for the breach of the contract of sale and not for the price of the property sold is the proper remedy where the contract was executory, and the buyer committed a breach of the contract before delivery.

2. *Sales; Rescission; Remedy.*—Where the contract was for the purchase price of five cars of hay to be delivered during the month of September, f. o. b. North Birmingham, and after receiving and pay-

[St. Louis Hay & Grain Co. v. American Cast Iron Pipe Co.]

ing for three cars, the purchaser rescinded the order for the remaining two before delivery, but the cars were delivered, however, and after the delivery the purchaser notified the seller that he was short two cars, and requested that they be traced, an action for the price was the proper remedy on a refusal to accept the goods, since the contract had been performed.

3. *Same; Transfer of Title; Delivery.*—Title does not pass where the buyer rescinds before delivery, but title passes where the goods are shipped f. o. b. though the cars containing the goods are lost if the buyer recants his rescission by requesting the seller to trace the goods.

4. *Same; Breach of Contract; Delay in Delivery; Estoppel or Waiver.*—Where the purchaser buys five car loads of hay to be delivered during the month of September f. o. b. cars at point of destination and receives and pays for three of the cars, but cancels his order for the other two, and the buyer delivers the other two, and the seller afterwards writes the buyer stating that he is short two cars and asking the buyer to trace them, he cannot refuse to accept because of delay in transportation, as his letter was tantamount to an affirmance of the contract, despite the attempted rescission, and at the time the cars had really been delivered in accordance with the contract, and there could be no defense of delay.

5. *Evidence; Best and Secondary; Consignment of Goods.*—A written contract of shipment is the best evidence as to the consignment to be made, and where the purchaser insisted that the consignment was to be made to the seller's order "notify J. E. C." it was not competent to show by the general manager of the buyer that the commercial agent of the carrier phoned him that such was the fact; such evidence was also hearsay.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Assumpsit by the St. Louis Hay & Grain Company against the American Cast Iron Pipe Company, for the price of hay. Judgment for defendant and plaintiff appeals. Reversed and remanded.

TOMLINSON & McCULLOUGH, for appellant. The action was properly brought for the price of the goods, since the goods had been delivered and the contract of the seller had been completed and nothing then remained but the payment. The court erred in admitting the evidence of the general manager of the defendant as to the phone conversation with the commercial agent of the carrier.—*Capehart v. Furman F. I. Co.*, 103 Ala. 671; *Sheffield F. Co. v. Hull C. & C. Co.*, 101 Ala. 447.

CABANISS & BOWIE, for appellee. Where goods were bought f. o. b. cars at point of destination, the carrier is the agent of the seller, and there is no sale until delivery at that point.—*Ala. Nat'l Bank v. Parker & Co.*, 146 Ala. 513; *Brown v. Adair*, 104 Ala. 652; *McNeal v. Braun*, 26 Am. St. Rep. 441. Where the title has not passed and goods have not been delivered, an action will not lie to recover the price of goods sold, an action for damages being the only remedy.—Mechem on Sales, Secs. 1091, 1689, and 1698; *White v. Solomon*, 164 Mass. 516.

McCLELLAN, J.—After eliminating the evidence, to be later mentioned, illegally admitted, these conclusions result from the substantially undisputed proof in the cause: That defendant agreed to buy and the plaintiff agreed to "deliver f. o. b. North Birmingham," shipments to be made during the month of September, 1907, five cars of foundry hay; that the cars were shipped either during the last days of August or the first days of September; that three of them were accepted and paid for by defendant; that the shipments as shown by bills of lading, were made direct to the sender; that on September 2d defendant informed plaintiff that the two cars in question would not be received or paid for; that plaintiff insisted upon defendant's acceptance of the cars and payment therefor; that on October 26th by letter, defendant notified plaintiff that it was "short" the two cars involved here, and requested that they be "traced" and "delivery of same" be shown; that these cars reached North Birmingham on October 7th; that on October 31st a letter was written by defendant to plaintiff, whether posted or not was not shown by any witness having knowledge of that fact, stating that these cars had been so long in reaching defendant that it had

become overstocked, and requesting instruction to the carrier what disposition to make of the cars; and that the sole objection to receiving these cars, as testified to by defendant's general manager, Linthicum, was their "delay * * * in arriving at North Birmingham— that is, the delay in transportation. * * *" Until the delivery of these cars f. o. b. North Birmingham, the contract was executory, and a breach by defendant of the agreement entitled the plaintiff to its action for that breach, and not for the purchase price, the title to the hay not having passed until delivery f. o. b. North Birmingham.—*Capehart v. Furman Imp. Co.*, 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60.

If the conduct of defendant had stopped with the breach of the agreement wrought by the notification of September 2d, there would be no hesitancy in holding that the plaintiff's remedy was for damages for the breach and not for the agreed price. But it is evident from the letter of October 26th, quoted above, that the defendant recanted and expressly recognized the agreement as existent, and, on the other hand, in effect withdrew is communicated desire and intent to countermand the order with respect to these cars and to refuse to accept them. Whatever may have been the reasons for this clear change of purpose, as evinced by the notification of September 2d and the letter of October 26th, the effect was to remove the status created by notification of September 2d. Obviously, if the plaintiff so desired, and the record shows such to have been the case, to waive the breach and to let the agreement stand as if the notification had not been given, the defendant had not nor has any right to complain. At the time this letter of the 26th was sent these cars were at the point of delivery, and so within the terms "free on board"; and we can see no escape from the conclusion that the writ-

ten recognition of the existence of the contract, whatever had theretofore transpired in the direction of a refusal by defendant to be bound by it, availed to pass the title to the hay in question as effectually as if the notification of September 2d had not been communicated, unless the "delay," as indicated, was such as to avoid the liability now sought to be enforced.

Reference to the contract as herein above stated must convince that the agreement to ship "during the month of September" was complied with by plaintiff. So far, then, as "delay" was concerned, that was not and could not be ascribed to shipment, but to transportation. If it be assumed that the agreement contemplated delivery f. o. b. North Birmingham, within a reasonable time, the defendant here certainly cannot appropriate the objection of "delay" when previous to the announcement of that objection the hay had been delivered f. o. b. North Birmingham, and also previous thereto defendant had expressly recognized the continuing binding efficacy of the contract by writing the plaintiff that it was "short" the cars in question and requesting a "tracer" and a showing of "delivery" thereof. In other words, the letter of October 26th confirmed, notwithstanding the notification of September 2d, the contract, and when that was effected the agreement had been performed by plaintiff, and so 24 days previous to the writing of the letter of October 31st, wherein the objection of "delay" was first mentioned. If the defendant would have availed of that objection to the reception of the hay, it should not have written plaintiff with a view of hastening delivery, and that at that date (October 26th) it still regarded the contract as unavoided by any act or omission of the plaintiff; the goods then having been delivered f. o. b. at North Birmingham. But the defendant insists that the cars were not consigned to de-

fendant as they should have been, but, on the contrary, were assigned to plaintiff "Notify J. E. Carter." Of course, if such was the fact, legally shown in evidence, the contract was not complied with by plaintiff. The issue was one of fact. According to the bills of lading issued for the cars in question, they were consigned direct to defendant. Other evidence in the record supports the view that the cars were so consigned. The defendant sought to maintain its insistence by testimony of its general manager that, in the latter part of October, some one phoned him that the consignment was to plaintiff's order, "Notify J. E. Carter," and that the person phoning him was the commercial agent of the carrier. This testimony was inadmissible. It was shown by the then witness that the cars were at the place of delivery, and it had been otherwise shown without dispute that the charges had been paid. The only point of controversy, in this connection, was the terms of the consignment. This should have been shown, we think, by the records of the carrier. But, if it be allowed that the fact could be shown ore tenus of the carrier's agent, certainly it was incumbent on the defendant to examine that witness or else account for its inability to produce him or to take his testimony. To permit the rehearsal of the carrier's agent's declaration by another and to bind the plaintiff thereby would be to avoid all effect of the rule against hearsay evidence in an instance palpably within the rule. With this proffered testimony excluded, defendant's insistence was unsupported in the proof, and the judgment, upon the record before us, cannot be sustained.

The other objection as to the drafts, drawn by plaintiff upon defendant, need not be considered, since the defendant rests its sole right to avoid the recovery of

the agreed price upon "delay in transportation." By that it must stand or fall.

The judgment is reversed. Proceeding to render the judgment the trial court should have rendered, it is ordered and adjudged that the plaintiff have and recover of the defendant the sum of $497.26, principal and interest due it to the date of this judgment.

Reversed and rendered.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.