# Harris v. Free, *et al.*

## *Assumpsit.*

(Decided November 21, 1912. 60 South. 423.)

1. *Logs and Logging; Standing Timber; Delay in Removal; Effect.*—Where a deed conveyed standing timber but provided for its removal from the land before a certain specified date, and provided further that the title to all the timber not removed before those dates should revert to and vest in the grantor, the title of the grantor to the timber not removed was as complete as if no deed had been made, after the date in question, and the grantee became liable for its removal thereafter.

2. *Same; Contract; Time of Performance.*—Where the deed conveying standing timber provided that the timber on certain parts of the land should be removed before a certain date, and that the remainder should be removed on or before January 1, 1912, and also provided and authorized the erection of a sawmill on the land, and that if the mill was located at a particular site, the grantee should make an addition to a house on the land, which house should be at the disposal of the grantor's tenant, such deed did not give the grantee until January 1, 1912, to make the addition to the house.

8 CA

3. *Contracts; Time; Performance; Modified Agreement.*—An agreement to make repairs to a house within a reasonable time was implied where the deed conveying the timber and providing for the making of the addition to the house did not specify the time for making the addition.

4. *Same; Breach; Jury Question.*—Under the facts in this case, and under the deed and contract, it was a question for the jury whether a reasonable time for making the addition had expired prior to the bringing of the suit.

5. *Husband and Wife; Contracts; Authority of Husband to Modify.*—Where the wife was sole owner of the land on which the timber stood, and by deed conveyed the timber, in which her husband joined, and which deed provided that the title to the timber not removed within a certain time should revert to the wife, the husband was without authority to extend the time for removing the timber.

6. *Same; Contract; Instruction.*—Where there was no evidence that the husband was the agent of the wife, a charge, in an action by the wife against her grantee for cutting and removing standing timber after the termination of the contract, that defendants were not liable if plaintiff's husband was her agent, and consented to the cutting after the date fixed by the contract, was improper.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Annie K. Harris against J. S. Free and others for damages for breach of contract. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The suit was originally commenced in the name of Mrs. Annie K. Harris and Samuel B. Harris, but was afterwards amended by striking Samuel B. Harris as a party plaintiff, and by adding certain counts in trespass and trover, for the conversion of timber, and for the cutting of timber from said designated parts of the land. The charge set out in assignment 70 is as follows: "If Dr. S. B. Harris was the husband and agent of Mrs. Annie K. Harris in the management of their land, and consented for the defendants to cut any part of the timber embraced in the contract in evidence after the date fixed by the contract for cutting it, and in pursuance of such consent on his part the defendants cut

[Harris v. Free, et al.]

the timber, they would not be liable to Mrs. Harris in this action for having cut the timber." The following is the oral charge of the court excepted to: "If the jury believe the evidence in this case, they cannot find for the plaintiff on the fourth count of the complaint, for the reason that under the deed, for the breach of which the suit is brought, the defendants had until January 1, 1912, to build or add to or repair the house, and the suit, in so far as the house was concerned, is prematurely brought." The fourth count was for damages for breach of contract to add to and repair the Walter Burks house.

DANIEL COLLIER, for appellant. Counsel discuss the 5th and 6th assignments of error and insist that the court was in error in refusing to allow Mr. Harris to state whether or not he called defendants attention to the fact that they were not cutting the timber in compliance with the contract.—2 Wig. sec. 1048. The 7th, 8th, 21st, 22nd, 29th and 30th assignments of error are treated together and have relation to the admission and rejection of evidence, but no authorities are cited. The court was in error in asserting that the fact that the house was not repaired could not be looked to by the jury in order to determine when the house was to be built in the absence of any expressed stipulation as to the particular time when it was to be constructed.— *Gadsden Co.,* 128 Ala. 510; 5 Mafl. 255. A reasonable time was implied in the absence of an expressed stipulation.—*American O. E. Co. v. Ryan,* 104 Ala. 274; *Drake v. Goree,* 22 Ala. 214; *Brown v. Johnson,* 42 Ala. 211. The court erred in permitting evidence seeking to change the terms of the deed by showing that the periods for removal of the timber were to be controlled by Martin rather than by the deed.—*Holly v. Yeager,* 27

Ala. 202. The court erred in permitting the deed from Brown to Mrs. Harris to be introduced in evidence. Mrs. Harris was the sole owner and the trees were a part of the realty.—*Heflin v. Bingham,* 56 Ala. 567. Therefore, the contract was of the class which the statutes required to be in writing.—*Prestwood v. Eldridge,* 119 Ala. 76. Being a married woman her husband must join, but that did not render him a grantor in such sense as to authorize him to change the terms of said writing, and hence, he could not bind her by a verbal alternation.—*Pearce v. Smith,* 126 Ala. 116. Under the deed the right of action for a breach was patent.— *Zimmerman v. Daffin,* 149 Ala. 389. The court erred in giving the charge objected to.—128 Ala. 614; 119 Ala. 290; 12 Ala. 252; 30 Ala. 553.

JONES & PERSONS, for appellee. Counsel discuss the errors assigned criticise the authorities cited by appellant, and insist that there was no error committed by the trial court, but cite no authorities to sustain their contention.

WALKER, P. J.—The claims asserted by the plaintiff (appellant here) were dependent upon the terms of a conveyance executed to the defendants by her and her husband, who was originally joined with her as a party plaintiff in the suit. That conveyance bore date January 1, 1909, embraced, with an exception not material to be stated, all timber standing on a described tract of land, provided that the timber on a designated part of the tract, referred to as the "new ground," should be removed on or before the 15th day of March, 1909, that the timber on another designated part of the land, referred to as the "ridge tract," should be removed by the 1st day of April, 1909, that the timber on still another

designated part of the land, referred to as the "cemetery tract," should be removed on or before the 1st ·day of February, 1910, and that the remainder of the timber should be removed on or before the 1st day of January, 1912. It. also authorized the grantees to erect and maintain a sawmill on the land, and contained the following provisions: "Provided that the said sawmill shall be located either at the Walter Burks house or at the old Tab Brown sawmill site, as the parties of the second part (the grantees) may elect; and, provided, that if they shall elect to locate them at the Walter Burks house they shall add to said house at their own expense two rooms, one of which shall be sixteen feet square, and the other shall be a shed room ten by sixteen feet, and the said house shall be at the disposal of Mr. J. J. Martin. It is a condition of this deed, however, that at the termination of the said periods hereinabove annexed to the tracts that are described, respectively, all rights granted hereunder to the parties of the second part to the said tracts respectively utterly cease and determine, and the title to all said timber which shall not be removed from said respective portions of said land at said times so specified respectively shall revert to and vest in the said parties of the first part." The complaint contained seven counts. The first, second, third, and fifth counts were based upon alleged breaches of the stipulations as to the periods within which timber should be removed. The fourth count alleged the location by the defendants of their sawmill at the Walter Burks house, and their failure to build the rooms stipulated for in the deed in that event. The sixth and seventh counts are in trespass and trover, respectively, for the cutting and conversion of timber after the expiration of time limits fixed by the deed.

The plaintiffs undertook to sustain by evidence claims based upon the cutting and removal by the defendants of timber from the parts of the land above specifically referred to after the expiration of the respective periods within which, under the terms of the conveyance, this was authorized to be done. The terms of the conveyance plainly set time limits upon the rights of the defendants in that regard. The defendants sought to show that their rights in this respect were modified and enlarged, or that the plaintiffs were estopped to insist upon the enforcement of them, as the result of certain conduct and declarations of the appellant's husband, S. B. Harris, who, as above stated, was originally a party plaintiff in the suit. It developed in the course of the trial that the land mentioned in the deed was the property of Mrs. Harris, the appellant. If it was only by the deed that her right to the timber on the designated tracts was affected, it is plain that, as to the timber left standing thereon at the expiration of the respective periods named, her title was as complete as if the deed had not been made, and that the defendants subjected themselves to liability to her as the owner of the land for timber thereafter cut and removed from those tracts.

A ground upon which the defendants claimed exemption from such liability is indicated by the written charge given at their instance, which is referred to in the seventieth assignment of error. That charge was improperly given, because it assumed the existence of evidence tending to prove that S. B. Harris was the agent of his wife, having authority to bind her by his consent that the timber be cut after the dates stated in the conveyance. We find no such evidence in the record.

Other rulings of the court, not necessary to be enumerated, seem to have been induced by the assumption

of the existence of such evidence. In reference to those rulings, it is enough to say that under the evidence in the case, that tending to show the consent of S. B. Harris (who at the time when this evidence was offered was a party plaintiff) to the cutting and removal of timber after the dates specified in the deed, was not entitled to be given the effect of changing or impairing the rights of the appellant as indicated by the deed, considered in connection with the evidence to the effect that she was the sole owner of the land.

The obligation of the defendants to make the stipulated addition to the Walter Burks house was incurred when they elected to locate their mill at that site. The instrument does not specify any date or time for the performance of that obligation. In such case the law implies an agreement to perform within a reasonable time.—*Lane v. May & Thomas Hdw. Co.,* 121 Ala. 296, 25 South. 809. "What is a reasonable time is sometimes a question of fact and sometimes a question of law. When it depends upon facts extrinsic to the contract, which are matters of dispute, it is a question of fact; when it depends upon a construction of a contract in writing, or when it depends upon undisputed extrinsic facts, it is a matter of law."—*Cotton et al. v. Cotton,* 75 Ala. 345. It was said in the opinion in the case of *Drake v. Goree,* 22 Ala. 409, that "the question of reasonable time, applied either to the delivery of articles or the doing of work, is, generally speaking, one of fact, and to be determined by the jury under all the circumstances which surrounded the case at the time the contract was made." We are not of opinion that the evidence in this case was such as to justify the court in determining, as a matter of law, that, when the suit was brought in March, 1911, a reasonable time for making the stipulated addition to the house mentioned had

not passed. The evidence without dispute showed that the defendants located their sawmill and began to build it a few days after the delivery of the deed; that the mill was burned in 1910; and that the stipulated work on the house mentioned had not been done at the time the suit was brought. There was no evidence in explanation of the defendants' delay in the matter for such a length of time. We are of opinion that the question of reasonable time was one for the determination of the jury in the light of the circumstances surrounding the parties at the time the deed was made; one of these circumstances being that Mr. J. J. Martin, who was to have the disposition of the house to be added to, was the tenant who was to have the use of the land, subject to the rights acquired by the defendants. Several rulings of the court were inconsistent with the conclusion just stated.

The part of the oral charge which was excepted to was to the effect that under the evidence the jury could not find for the plaintiff on the fourth count of the complaint, for the reason that under the deed the defendants had until January, 1912, to make the addition to the house, and that, so far as it concerned that matter, the suit was prematurely brought. By this ruling the deed was construed as giving the defendants the same time within which to make the addition to the house in question as was allowed to them for the operation of their sawmill on the land, and for removing timber from the parts of it not affected by special restrictions in that regard. We find nothing in the terms of the deed to warrant this construction. Its provisions which make mention of a period extending to January, 1912, do not purport to set the time for the performance by the defendants of their obligation to make the addition to the house. As above stated, the instrument does not fix a

date for the performance of that obligation. The pro-
vision for the house as added to being at the disposal of
J. J. Martin, considered in the light of the fact, brought
out in the evidence, that Martin was the plaintiff's ten-
ant, suggests that it could hardly have been in the con-
templation of the parties that, no matter how soon the
defendants, by locating their mill, incurred the obliga-
tion to make the addition to the house, yet they could
not be chargeable for a default in the performance of
that obligation until after the period during which it
was then understood that Martin was to be the tenant.
Reversed and remanded.