# Vinegar Bend L. Co. v. Soule S. F. Works.

## *Assumpsit.*

(Decided May 1, 1913.   62 South. 279.)

1. *Sales; Action for Price; Remedy of Seller.*—Where a seller of goods has fully performed his part of the contract, and put the buyer in possession, and nothing remains to be done by either party, except payment of the purchase price, the seller may recover the price under the common counts for goods sold and delivered.

2. *Same; Performance; Transfer of Title; Estoppel to Deny.*— Where the seller has complied with all the terms of the contract, and has placed the purchaser in possession of the goods sold, and nothing remained to be done except the payment of the purchase price, the buyer, who was to take title only upon payment, cannot complain that title has not vested, as the only reason why it has not was the failure on his part to perform the contract.

3. *Same; Reservation of Title.*—An agreement to be liable for the whole value of the chattel before title to it passes is binding on the buyer.

4. *Same; Performance; Breach.*—A buyer is not liable for an article bought until the sellers show that they furnished the kind of article agreed to be bought.

5. *Same; Waiver By Acceptance and Use.*—Where a seller of goods furnishes an article different from that contracted for, and the buyer accepts it in lieu of the article bought, the seller may recover on a count for damages for the breach of the buyer's contract to accept and pay for the article.

6. *Sales; Performance.*—An agreement to deliver a lumber stacker like one in operation by a third party is complied with if the stacker delivered under it is in substantially all respects the same. as, or similar to, or capable of doing the same work as the other stacker; a difference in a small bolt, lever, rope or pulley not being a material difference in the constrction of the machine.

7. *Same; Defects.*—Where the contract of sale provided that the buyer should accept the invoice rendered as agreed, and depend upon

the seller to supply any deficiency discovered in checking up the material, and the seller furnished the invoice and all the material in the shipment, which the buyer claims was short, the fact that after the suit by the seller, it was discovered that there were some slight deficiencies in the article shipped to which his attention had not been called, would not defeat his right of recovery.

8. *Same; Presumptions.*—Where the seller proves his execution of his contract as alleged and introduces the contract in evidence, he prima facie meets the burden of proof relative to the contract which the law casts upon him, and if the buyer claims an oral modification, the buyer has the burden of establishing that fact.

9. *Same; Action for Price; Instruction.*—Where the action was for the price of goods sold under a written contract, and defendant claimed a modification thereof, a charge that the burden was on the seller to show the terms of the contract, and if the evidence was so uncertain as not to reasonably satisfy the jury what the terms were, the seller could not recover on a count for breach of contract, was calculated to mislead as to the burden of proof under the pleading.

11. *Charge of Court; Covered by Those Given.*—The court will not be put in error for refusing charges substantially covered by written charges given.

11. *Same; Assumption of Fact.*—Where a charge assumes as undisputed a fact about which there was conflict in the evidence, it is properly refused.

12. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant was permitted to bring out all the facts which were admissible, even if questions to the witness, which were excluded, had been answered, the error, if any, in sustaining such objection was harmless.

13. *Same; Right to Allege.*—Where defendant successfully objected to the withdrawal of plaintiff's written charges after they had been read to the jury, defendant could not assign error on appeal as to such charges, since to allow such assignment would be to permit defendant to take advantage of his own wrong.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Assumpsit by the Soule Steam Feed Works against the Vinegar Bend Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The character and nature of the contract, together with the facts, sufficiently appear in the opinion of the court. The following charges were refused to the appellant:

"(8) The court charges the jury that, if they find from the evidence that plaintiff accepted from defend-

ant an order for stacker machinery to be like that used by Robertson or at the Robertson mill at Chicora, then defendant for a reasonable time after the receipt of the machinery had a right to assume that the machinery as delivered to it complied with the contract, and was what it had ordered; and, if the jury find from the evidence that plaintiff sued defendant before the expiration of such reasonable time, defendant is not liable, and plaintiff cannot recover, unless the jury find that defendant waived the breach by plaintiff before the suit was brought.

Charge made the basis of the fourteenth assignment. The court charges the jury that the agreement to pay one-third cash on receipt of machinery meant one-third cash on receipt of the machinery ordered, and, if all of the machinery ordered was not received before the suit was brought, then the contract was not breached by failure of defendant to pay the one-third on receipt of a part of the machinery ordered.

Charge made basis of the fifteenth assignment. If the jury find from the evidence that the plaintiff did not deliver to defendant all the pieces of machinery which plaintiff contracted to deliver, and that defendant did not, before the suit was brought, waive the breach and accept the machinery, plaintiff cannot recover."

"(12a) The court charges the jury that the burden is on the plaintiff to reasonably satisfy the jury from the evidence as to what were the terms of the contract between the plaintiff and the defendant, and, if the evidence is so uncertain and contradictory that the jury are not reasonably satisfied from the evidence what were and what were not the terms of the contract, the jury cannot find a verdict for the plaintiff under the first count of the complaint."

[Vinegar Bend L. Co. v. Soule S. F. Works.]

R. H. & R. M. SMITH, for appellant. The general affirmative charge should have been given for defendant as to the second and third counts.—2 Enc. P. & P. 1006; 49 Atl. 248; 59 Pac. 177; 116 Mich. 647. The bringing of the suit does not vest title out of the vendor and vest title in vendee.—*Forbes P. Co. v. Wilson*, 39 South. 645. There was a variance in the contract as to the articles to be furnished and the articles actually furnished. Counsel discuss assignments of error relative to evidence, as well as the charges given and refused, but without further citation of authority.

GREGORY L. & H. T. SMITH, for appellee. There is no basis for the giving of the affirmative charge for defendant as to counts 2 and 3.—*Martin v. Massey*, 127 Ala. 509; *Stafford v. Sibley*, 106 Ala. 187; *Duke v. Leowie*, 13 Ala. 457; *Givhen v. Bailey*, 4 Ala. 340. A suit for the purchase money can be maintained on the common counts.—*Davis v. Millings*, 141 Ala. 380; *Forbes P. Co. v. Wilson*, 39 South. 645. There was no variance as the duty was on defendant to show any modification of the contract, and to set the same up by plea.—*Am. O. E. Co. v. Ryan*, 112 Ala. 337. Plaintiff carried the burden when he introduced the contract, and proved its execution, and the delivery of the subject matter thereof. Counsel discuss evidence, and insist that the court was without error in its rulings thereon.—*Brent v. Baldwin*, 160 Ala. 635; *Sloss-S. S. I. Co. v. Sharp*, 156 Ala. 284; *Montgomery v. State*, 160 Ala. 7. Defendant is not in position to complain of the written charges given for plaintiff as it objected successfully to their withdrawal when plaintiff requested to withdraw them.—*Morris v. State*, 146 Ala. 66; *L. & N. v. Sullivan*, 138 Ala. 379. Counsel discuss the charges but without further citation of authority.

DE GRAFFENRIED, J.—The appellee sold to the appellant a stacker which, it appears, was a contrivance which the appellant intended to use in stacking lumber at its sawmill. The contract of sale was evidenced by a writing, and in this contract it is agreed that the price to be paid for the stacker was $450, terms, one-third cash, one-third 60 days, and one-third 90, or 5 per cent. off for cash in 10 days. It was further agreed that "if payment is not made of the one-third cash on receipt of the above goods at Vinegar Bend, and if notes carrying deferred payments holding title to the above machinery and providing for 10 per cent. attorney's fees if not paid at maturity are not signed and delivered to Soule Steam Works on receipt of the above at Vinegar Bend, this order may be placed in the hands of an attorney for collection, and the undersigned agrees to pay, in addition to the above $450 and all costs of collection, an attorney's fee of 10 per cent. The undersigned also agrees to accept the invoice rendered as correct, and to depend on the Soule Steam Feed Works to supply any deficiency that may be developed in checking up the material." There is a further provision in the contract that the Vinegar Bend Lumber Company "agrees to hold the above as the property of the Soule Steam Feed Works until fully paid for in cash, and, should any default be made in payments as above provided, to deliver same to the order of Soule Steam Feed Works to railroad or other common carrier, free of charge."

Under the above arrangement the appellee, as we understand the evidence and the finding of the jury thereon, shipped to the appellant, at Vinegar Bend, the various materials and appliances with which to erect the above-described stacker, with the possible exception of some bolts and a few other minor parts, and that the

said materials and appliances were received by the appellant at Vinegar Bend.

We find in the bill of exceptions a notification from the appellant to the appellee that a few minor materials which, according to the evidence, were worth only a few dollars had not been received at Vinegar Bend, and we also find in the bill of exceptions letters from appellee to appellant saying, "We have yours of the 14th and we are sending you duplicates of the broken pieces by express this morning. We inclose you bill of lading for the two shafts which completes the lumber stacker." We also find an admission on the part of appellant that it received at Vinegar Bend all of the material which it ever, before the bringing of this suit, called upon the appellee to supply to it as being short or broken in the original shipments. We also find evidence in the record on the part of the appellant that it never did receive all the material with which to erect the stacker which the appellee agreed to ship; a fact which, according to the appellant, was not discovered until after this suit was brought. We find, however, evidence on the part of the appellee from which the jury had the right to infer that appellee did ship to appellant, and that appellant received from appellee at Vinegar Bend, before this suit was brought, all of the material necessary to erect the stacker which appellee contracted to ship to appellant.

The appellant, after it received the above material, failed to pay the one-third cash or to forward notes for the balance of the purchase money, reserving title in the appellee, as it had agreed to do in the above writing from which we have quoted, and thereupon this suit was brought by appellee against appellant to recover said $450 and attorney's fees.

1. There were three counts to the complaint. The first count sought damages for the breach of the written contract, which is copied in hæc verba in that count. The second count as amended is a common count on an "account," and in that count it is allegel that the cause of action therein declared on arose out of the same transaction which is set out in the first count. The third count is a common count for "goods sold and delivered," and this count also contains an allegation that the cause of action therein declared on arose out of the identical transaction which is set out in the first count.

2. It is contended by appellant that the appellee was not entitled to recover under the third count because the title to the property has never, under the contract of sale, set out in the first count, passed from the appellee to the appellant.

The rule in this state seems to be well established that when a seller of goods has performed, in full, his part of the contract of sale and has placed the purchaser in possession of the goods, and nothing remains to be done by either of the parties to the contract but the payment by the purchaser to the seller of the price of the goods, then the seller may recover of the purchaser the purchase price of the goods under a common count for goods sold and delivered.

In this case there was evidence from which the jury had the right to find, and they, by their verdict, actually so found, that the seller, when this suit was brought, had, in all material things, complied with its part of the contract; that the appellant had been placed in possession of the property; and that all that remained to be done was for appellant to pay appellee the amount which it had agreed to pay for the property. The appellant is not without some text-book authority for his argument; the theory upon which it is based being that,

as no *title* had *passed* into the *appellant,* there had, in fact, been no *sale.* The appellant is not, however, in a position to invoke the fact that the title had not vested in it for the purpose of defeating the appellee's right to recover under said count. The title had not vested because the appellant had not, in accordance with its agreement, *paid* the purchase money. The property was in existence when the suit was brought and in the possession of appellant, and the only reason why the title had not vested in appellant was because *it* had failed to perform *its* part of the contract.

This case was upon a former appeal before this court. The counts as they now appear in this record were *then* before this court, and upon *that* appeal this court in an opinion which, although.not published, is on file in this court and in the trial court said: "If the machine shipped was *received* and *accepted* by the defendant in the sense of intending to make it its property, the appellant would be liable under any of the counts."

"If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so, and thereby binding himself to pay the whole sum."—*National Cash Register Company v. Dehn, et al.,* 139 Mich. 406, 102 N. W. 965.

The above is exactly what the appellant, in the instant case, contracted to do.

3. It seems that near the appellant's mill there was another mill, and that this *other* mill had a stacker which is referred to in the testimony as the Robertson stacker. There was evidence tending to show that when the appellee made the agreement to sell to the appellant the stacker in question, and when the appellant signed the written agreement which is set out in full in the first count of the complaint, there was an oral agree-

ment entered into between the parties not contradictory of or inconsistent with any of the terms of the written contract, that the stacker which the appellee contracted to sell and which the appellant contracted to buy should be the same kind of a stacker as the Robertson stacker, or that it should be of such capacity, etc., as to do as much work, in a given time, as the Robertson stacker.

It is contended by the appellant that the appellee was not entitled to recover under the first count of the complaint because, as the writing therein set out was modified or explained by the oral agreement which really formed a part of the contract of sale, there was a fatal variance between the allegations of the first count of the complaint, which was a declaration merely on a breach of the written contract, and the evidence.

If A. makes a written agreement to sell and deliver to B, on a certain day at a certain place for an agreed price, a horse, and, when the agreement is signed by the parties, it is expressly stipulated by a separate binding contract, forming, in fact, a part of the contract of sale, that the horse shall be 16 hands high, then if A, at the time and place agreed upon, delivers to B a horse which is not 16 hands high, but only 14 hands high, B may refuse to accept the horse. If, however, B, with a knowledge of the fact that the horse is only 14 hands high, receives and accepts the horse, intending thereby to make the horse his property, if he accepts the horse as a fulfillment by A of his contract, then, in a suit on the written contract by A against B for a recovery of the purchase price of the horse, B would be estopped from setting up the separate agreement as to the height of the horse for the purpose of defeating the right of A to a recovery.

In the former opinion in this case this court said on this subject: "The appellant would not be liable on the

first count unless the plaintiff proved that it shipped the kind of stacker agreed to be bought, or that, if a different type was shipped, the appellant had, prior to the commencement of this suit, received and accepted it in lieu of the stacker contracted for." We find nothing in the argument of appellant which shakes our faith in the integrity of the above-quoted excerpt as a correct statement of the law as applied to the facts of this case.

4. A careful examination of the bill of exceptions convinces us that, in the evidence which the appellant adduced while examining the witness Turner, it brought out all the facts which it could lawfully have adduced if the questions which were propounded to that witness, and to which appellee's objections were sustained, had been answered by that witness. If there was error on the part of the court in sustaining the appellee's objections to those questions, it was error without injury.

5. The trial judge charged the jury, in substance, as follows: "If the defendant accepted the stacker and it, in substantially all respects, was the same as or similar to, or would do the same work as, the Robertson stacker, the court tells you that in meaning complies with 'like.' That you would not regard as a material difference in a small bolt, lever, rope, and pulleys; it wouldn't be regarded as a material difference in the construction of a machine. But notwithstanding that difference, if the defendant accepted this stacker, no matter what kind of a stacker it was, if, upon the arrival of the machinery at Vinegar Bend, they accepted and used it, and didn't notify them within a reasonable time after he received it of his intention, he would be liable. In other words, gentlemen, a man must say within a reasonable time, but, if he keeps and uses it, he is liable for the use whether just as ordered or not." We have written this quoted portion of the oral charge of the court

as it existed *after* the court had amended it before the jury retired. We think that the meaning of the trial judge is plainly shown in the above charge, and that, properly construed in accordance with its meaning, it correctly states the law as applied to the facts of this case.

6. The court, at the request of the appellee, gave several charges to the jury in writing. These charges were read to the jury by the counsel for appellee. After this was done, the appellant's counsel read to the jury certain written charges which, at its request, the court gave to the jury in its behalf. After this had been done, and before the jury retired, the plaintiff's counsel said to the court, "The plaintiff will withdraw the written charges asked by the plaintiff." The defendant's counsel then said. "The defendant objects to the withdrawal of the written charges, because the charges have been read to the jury." A colloquy between counsel for appellant and for appellee and the court then ensued, but, as the counsel for appellant objected to the withdrawal of the charges, the court allowed the charges to remain with the jury. Counsel for the appellant seem to think that appellee's counsel, in leading the court into approving the charges, was enabled to read to the jury as *law* that which was *not* law; that, *having done this,* in asking to be allowed to withdraw the charges from the jury appellee's counsel was seeking to evade the effect which the giving of those charges, some of which appellant thinks were improper, would have had upon this cause on this appeal; and that appellant, therefore, had the right, under the circumstances, to object to the withdrawal of those charges from the jury, and at the same time retain the right to complain of the giving of those charges in this court. In this argument we are unable to agree with appellant. As those charges

were given to the jury by the court at the request of appellee's counsel for the benefit of appellee, the court naturally, but for the insistence of the counsel for appellant that they should remain with the jury, would have allowed counsel for appellee to withdraw them from the jury, and would have instructed the jury to disregard them. To allow the appellant the benefit of the assignments of error based upon these charges would be to allow it to take advantage of its own wrong. —*Barddell v. State,* 144 Ala. 54, 39 South. 975; *Cutcliff v. Birmingham Ry., L. & P. Co.,* 148 Ala. 108, 41 South. 873.

7. Charge 8, requested in writing by appellant, was properly refused. It assumes as a fact not in dispute a fact about which the evidence was in serious dispute.

8. The contract set out in the first count of the complaint contains the following clause: "The undersigned [Vinegar Bend Lumber Company] agrees to accept the invoice rendered as correct, and to depend upon the Soule Steam Feed Works to supply any deficiency that may be developed in checking up the material." There was evidence tending to show that the appellee furnished the appellant with an invoice, and that, before this suit was brought, the appellee furnished the appellant with all material which it claimed was short in shipment. If, therefore, *after* this suit was brought, it was discovered that there was some slight deficiency in the articles shipped to which appellee's attention had not been called, and to which its attention was not afterwards called, then, under the very letter of the contract, the appellee, on that account, was not, as a matter of law, defeated of its right to recover. The refused charges, made the basis of the fourteenth and fifteenth assignments of error, were properly refused.

9. The appellant elected to go to trial in this case upon the plea of the general issue. It seems to us, therefore, that when the appellee proved the execution of the contract set out in the first count of the complaint, and introduced that contract in evidence, the appellee had, under the pleadings, prima facie met the burden which the law cast upon it of proving the contract sued on in that count. The appellant claims that by an oral agreement the written contract was modified; and if that is true, under the pleadings, the burden was upon the appellant, by evidence, to establish the fact of such modification.

Charge 12a was calculated to mislead the jury as to the burden which, under the pleadings, the law cast upon the appellee and was properly refused.

10. Refused charge G was substantially duplicated in written charge 4 which the court gave to the jury at the appellant's request, and the appellant can take nothing on account of its sixteenth assignment of error.

11. Refused charges 27, 11d, and 11a were substantially duplicated in given charges "a," "b," 4, 5, 12b, and 15g, as the propositions of law announced in said refused charges were given, in substance, to the jury, in said given charges.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

NOTE.—The opinion referred to as having been filed on a former appeal of this case was prepared solely for the information of the trial court, in order that the judge of that court might know wherein error had been committed. The opinion announced no new proposition of law, was prepared solely as a guide to the trial court on another trial of the case, and was not prepared for publication, and was, therefore, not published.