## HERZFELD LUMBER CO. et al. v. LANGLEY et al. (5 Div. 363.)

(Court of Appeals of Alabama. May 9, 1922.)

1. Sales ⬅357(1)—Seller, to recover balance of price, must prove delivery according to contract and default in payment.

In action for balance of purchase price, seller was required to prove that the goods were delivered according to the terms of the contract, and that the buyer failed to pay the balance of the purchase price when due.

2. Sales ⬅82(5)—Provision of contract as to payment of balance of price "on receipt of destination report" construed.

Under provision of contract for sale of lumber providing for payment of balance of purchase price "on receipt of destination report," the balance of the purchase price did not

become due until buyer had had a reasonable time in the ordinary course of business for the lumber to be transported to the place of destination, to be checked, inspected, and the report returned to buyer.

**3. Evidence ☞10(1), 20(2)—Judicial knowledge taken as to geography and railroad transportation.**

In action for balance of price, under a contract making such price due on receipt of destination report, the court, in determining whether the buyer had had a reasonable time in which to get a destination report, will take judicial knowledge as to geography and railroad transportation.

**4. Sales ☞182(1)—Whether buyer had reasonable time in which to get destination report was for court, where evidence was uncontradicted.**

In action for balance of price, under contract making such balance due on receipt of destination report, the question whether the buyer had had a reasonable time in which to get the destination report, where the evidence was uncontradicted, was for the court.

**5. Sales ☞82(5)—Buyer's failure to receive destination report no defense, in action for balance of price due "on receipt of destination report."**

In seller's action for balance of purchase price, under contract making such balance payable "on receipt of destination report," the fact that the buyer had received no such report was no defense, since it was the duty of the buyer to have such report within a reasonable time.

**6. Sales ☞182(4)—Whether buyer accepted carload of lumber held for jury.**

In seller's action for price of carload of lumber, shipped to third party under shipping instructions from buyer, in which buyer claimed that the car was prematurely shipped, the question whether the buyer accepted the lumber *held* for the jury.

**7. Sales ☞92—Seller's compliance with buyer's request for short delay in shipment did not terminate contract.**

The fact that seller complied with buyer's request for a short delay in shipment did not terminate the contract, where both parties continued to treat the contract as in force, awaiting such time as third party, to whom buyer had instructed seller to ship car, would be in position to accept it on its arrival.

**8. Sales ☞179(3) — Premature shipment no defense, in action for price against buyer, who accepted goods when shipped.**

If buyer accepted carload of lumber, it was liable for the price, even though the car had been prematurely shipped.

**9. Appeal and error ☞1048(5)—Overruling of objection to question held harmless, in view of answer.**

Action of court in overruling objection to question as to whether lumber was declining in price *held* harmless, in view of answer that witness did not remember.

**10. Evidence ☞242(7)—Declaration of agent of consignee, to whom goods were shipped under shipping instructions from buyer, made to seller, held admissible against buyer.**

In seller's action for price, involving issue as to whether buyer had accepted goods claimed by buyer to have been prematurely shipped, declaration of agent of consignee, to whom goods were shipped pursuant to shipping instructions from buyer, made to seller at time when goods were in possession of consignee, regarding the character of such possession, *held* relevant.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by W. T. Langley and another against the Herzfeld Lumber Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Barnes & Walker, of Opelika, for appellants.

A seller cannot recover the price until delivery is made, actual or constructive. 199 Ala. 595, 75 South. 143; 35 Cyc. 531, 532. Time of delivery was of the essence of the contract. 35 Cyc. 175, 176. The delivery must be in accordance with the terms of the contract. 107 Me. 19, 78 Atl. 98, 31 L. R. A. (N. S.) 942; 24 R. C. L. 94; 107 Me. 19, 78 Atl. 98, 31 L. R. A. (N. S.) 942. Suit cannot be brought before time stipulated for payment. 12 Ala. 520, 46 Am. Dec. 264; 148 Cal. 357, 83 Pac. 151, 3 L. R. A. (N. S.) 908, and note, 113 Am. St. Rep. 276, 7 Ann. Cas. 541.

J. W. Strother, of Dadeville, for appellees.

Brief of counsel did not reach the Reporter.

SAMFORD, J. This action is grounded on two contracts for the sale of lumber; counts 1, 2, 3, and 4, claiming under the common counts for the entire purchase price of one carload shipped on defendants' order to Chattanooga, Tenn., and counts 5 and 6 claiming for a balance due on the purchase price of a carload shipped on defendants' order to Buffalo, N. Y. For convenience in dealing with the assignments of error, we will follow the order as outlined in appellants' brief. No brief has come to the hands of the court for appellees.

[1, 2] The Buffalo car was shipped under a written order, dated May 22, 1920; the terms of payment being 80 per cent. cash, less 2 per cent. discount on receipt of invoice and bill of lading; balance, less 2 per cent., on receipt of destination report. Time of shipment was two weeks. The car was shipped as per order, and 80 per cent., less 2 per cent., paid. The defendants refused to pay the balance, claiming that no destination report has been received by them, and that therefore, under the contract of sale, the bal-

ance is not due. Of course, if the balance of 20 per cent. is not due, the plaintiffs cannot recover for the amount claimed in counts 5 and 6. In order for the plaintiffs to recover, they must prove to the reasonable satisfaction of the jury every material allegation of the complaint—in this case, that the sale was made, a delivery according to the terms of the contract, and a failure on the part of defendants to pay the balance of the purchase price *when due*. Having introduced the written order for lumber in evidence, and relying upon its terms for a recovery, the plaintiffs were bound to show compliance on their part and a default on the part of defendants. But, when plaintiffs had proven to the satisfaction of the jury the terms of the contract of sale, the delivery within the time, the payment of the 80 per cent. cash, and a reasonable time, in the ordinary course of trade, for the shipment of lumber to have reached its destination, been checked, and a destination report returned to defendants, the burden of plaintiffs was discharged. The clause in the contract, "Balance, less 2 per cent., on receipt of destination report," means that the 20 per cent. does not become due until defendant has had a reasonable time, in the ordinary course of business, for the lumber to be transported to Buffalo, N. Y., to be checked, inspected, and report returned to defendant. Bradford v. Marbury, 12 Ala. 520, 46 Am. Dec. 264. After such reasonable time has elapsed, the balance of 20 per cent. is due. Bradford v. Marbury, supra.

[3-5] It was shown without dispute that the car of lumber for Buffalo, N. Y., was shipped in June, 1920, and this suit brought January 15, 1921. Coupled with the judicial knowledge of the court as to geography and common knowledge as to railroad transportation, it was a question for the court to say as to whether the defendants had had a reasonable time in which to get a "destination report," in the absence of proof tending to prove that such time between the shipment and the bringing of this suit was reasonable, 15 R. C. L. 1120, § 49; Alford v. Creagh, 7 Ala. App. 358, 62 South. 254; Cotton v. Cotton, 75 Ala. 345; American Oak Ex. Co. v. Ryan, 104 Ala. 267, 15 South. 807; Harris v. Free, 6 Ala. App. 113, 60 South. 423. The fact that defendants had written plaintiffs from time to time that no destination report had been received, or as to whether defendants ever received such report, or the letters written by defendants to Elias & Bro., to Buffalo, demanding the report, can have no bearing on this case. It was the duty of defendants to have had the report within a reasonable time, and, failing to do so, the balance of 20 per cent. became due and payable. There are cases where the reasonableness of the time of performance is a question for the jury, but not where the facts are undisputed. Watt v. Sheppard, 2 Ala. 425; Drake v. Goree, 22 Ala. 409.

[6] The Chattanooga car was ordered August 16, 1920, to be shipped within 10 days to O. B. Andrews Company, Chattanooga, Tenn. Terms of payment, 80 per cent. cash, less 2 per cent. on receipt of invoice and bill of lading; 20 per cent., less 2 per cent. on receipt of destination report. There was no question as to the giving of the order and its acceptance. On August 17th defendants wrote plaintiffs, instructing them not to ship the car of lumber ordered on the 16th for "*a few days*," and promising future instructions as to disposition, basing the request for delay upon a wire from the Andrews Company requesting delay on account of shortage of labor. On August 25th plaintiffs wrote defendants, asking for shipping instructions on the Chattanooga car. On August 30th defendants wrote plaintiffs again delaying shipment and promising shipping instructions later. On September 2d, according to plaintiffs' testimony, plaintiffs called defendants over the phone and demanded shipping instructions. Upon being further instructed to wait, plaintiffs told defendants that, if instructions were not sent that day, shipment would be made anyway. To this defendants only promised to let plaintiffs know "shortly." Nothing more being heard from defendants, plaintiffs on September 11th shipped the car of lumber, as per instructions in the original order, to O. B. Andrews Company, Chattanooga, Tenn., and carried the invoice and bill of lading to defendants, demanding payment of 80 per cent., less 2 per cent. which was refused, and the invoice and bill of lading returned to plaintiffs. The car in due time arrived in Chattanooga, was switched into the yard of the O. B. Andrews Company, and by them unloaded. It is true the witness Harless testified as his conclusion that Andrews Company did not accept the car, but he and others testified to the facts incident to the car's arrival, unloading, and disposition of the lumber. That made this a jury question, as also the question as to whether the lumber in the car was up to grade, size, dimensions, etc. In all of the letters and conversations between plaintiffs and defendants, the request for delay in shipment was based upon requests from Andrews Company for delay in shipment on account of the crowded condition of their yard in Chattanooga and inability to handle the car on that account.

[7, 8] Of course, if there was no breach of the contract before shipment, and no change agreed upon as to its terms, except to delay shipment until such time as the O. B. Andrews Company would accept the car when received, and plaintiffs executed the contract by a delivery of the possession of the car of lumber to the O. B. Andrews Company as contemplated in the original order, and before a breach had occurred, the plaintiffs may recover the purchase price under the common counts. Vinegar Bend Lumber

Co. v. Soule Steam Feed Works, 182 Ala. 146, 62 South. 279. It cannot be said that the letter of defendants to plaintiffs dated August 17th, as follows:

"Please refer to our order No. 299–F for one car 1x4 and wider, for shipment to O. B. Andrews Company, Chattanooga, Tennessee, and withhold shipment of this car for a few days. Our customer has just wired us they had forty cars on the tracks now on demurrage, and with the scarcity of labor there they have asked that we not ship any more until they could get their track cleared, and we have wired them to-day that we would withhold shipment for a few days on this account. We trust this will be entirely satisfactory with you, and we will wire you just as soon as they are ready for this to come forward. Thanking you in advance for this favor, we are,"

—was a countermand or a cancellation, and the fact that plaintiffs complied with the request for a short delay in shipment did not terminate the contract. Both parties continued to treat the contract as in force and binding, only awaiting such time as the O. B. Andrews Company could be in position to accept the car upon its arrival. If the plaintiffs shipped the car under the contract, and it was accepted by the Andrews Company, the contract ceased to be executory; the title to the lumber having thereby passed to the defendant. St. Louis Hay & Grain Co. v. Am. Cast Iron Pipe Co., 167 Ala. 442, 52 South. 904. These were disputed questions of fact, to be determined by the jury. If the O. B. Andrews Company had refused to accept the car of lumber on its arrival, the question of a premature shipment by reason of a modification of the original contract might have arisen; but, if the Andrews Company did accept the shipment, this would be a complete answer, under the facts of this case, to the defense of a premature shipment.

[9] The action of the court in overruling defendants' objection to the question propounded to the witness Meadows, "Lumber was declining rather rapidly about that time in price, was it not?" was without prejudicial injury, the witness answering, "I don't remember," and later, answering another question of like import, said, "No, sir; I don't remember the price along about that time," and it further having been admitted in evidence, on direct examination of defendants, that:

"From the date this order was given, August 16, 1920, up until the date that car was shipped, that particular kind of lumber had not declined in price."

[10] The declaration of Thompson, the representative of the Andrews Company at the office of that company in Chattanooga, made to J. J. Langley on September 30th, at a time when the lumber was in the possession of the Andrews Company, regarding the character of the possession, was relevant. Humes v.

O'Bryan, 74 Ala. 64; Hadden's Executors v. Powell, 17 Ala. 314; 6 Michie's Dig. 244, § 214.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.