167 So.2d 294

**Alice BAILEY**

v.

**CITY OF MOBILE.**

**1 Div. 166.**

Supreme Court of Alabama.

Sept. 3, 1964.

Vincent F. Kilborn, Mobile, for appellant.

Wm. R. Lauten and Ralph Kennamer, Mobile, for appellee.

LAWSON, Justice.

Shortly after six o'clock on the afternoon of December 23, 1961, Mrs. Alice Bailey fell on Government Street in the City of Mobile. Among other injuries, she sustained a broken hip. Mrs. Bailey fell into the street just south of the curb on the north side of Government Street near the intersection of Government and Joachim Streets. Just prior to the fall Mrs. Bailey had been walking on the sidewalk on the east side of Joachim Street in a northerly direction and was crossing Government Street in the crosswalk area to continue her journey northward on the east side of Joachim Street.

Mrs. Bailey brought this suit in the Circuit Court of Mobile County against the City of Mobile to recover damages for the injuries she sustained as a result of the fall. In pertinent parts the single count of the complaint reads:

"* * * In the sidewalk reserved for travel by pedestrians at the northeast corner of Joachim and Government Streets, a defect or obstruction existed in the travelled portion of the way reserved for pedestrians, which defect or obstruction had been caused by the defendant, its agents, servants or employees, and which defect or obstruction was allowed to remain uncorrected after the same had been called to the attention of the governing body of the City of Mobile, or in any event, had existed and remained as a defect or obstruction for such length of time that the existence of the same was known to the officers of the City of Mobile, and, with such knowledge, they had failed and neglected to remove the same. Plaintiff avers that the defect or obstruction consisted of this: that attached to a pole embedded in the ground immediately adjacent to the sidewalk proper and protruding into the travelled portion of the way approximately

20 inches, there was affixed a large metal box used for the purposes of containing a signal system or alarm device or other instruments connected with the regulation of traffic. This box was elevated 40 inches above the ground and was an obstruction in the way. Plaintiff was unaware of the existence of this obstruction or its presence, and while walking along, collided with the same. As the direct and proximate consequence of her colliding with this box, the plaintiff was knocked down into the street; (injuries described). Plaintiff avers that the injuries sustained by her were the direct and proximate consequence of the negligence of defendant, its agents or servants in this: the defendant, its agents or servants negligently caused and created the defect or obstruction referred to or, if not caused by them, then they negligently allowed the same to remain after notice or knowledge thereof."

After demurrer to the complaint, as amended, was overruled, the defendant interposed six pleas, the general issue and four pleas of contributory negligence and Plea 6, which alleged that the plaintiff should not recover "for that at the time and place described in the complaint and for the acts complained of, the defendant was engaged in the performance and discharge of a governmental function of the City of Mobile." The plaintiff's demurrer to Plea 6 was sustained. Thereafter the cause came on for trial before the court and a jury. There was a verdict for the defendant. Judgment was in accord with the verdict. Plaintiff's motion for new trial was denied and she appealed to this court.

Plea 5 reads:

"For further answer to the Complaint, the Defendant says that the Plaintiff should not have and recover of it in this cause for that at the time and place described in the Complaint she was herself guilty of negligence which proximately contributed to her said damages in that the place described in the Complaint was visible to all persons at any time of day or night and on said day and date there existed an area in the sidewalk area reserved for travel by pedestrians at the Northeast corner of Joachim and Government Streets in the cross walk area crossing Government Street along the East side of Joachim Street which was a safe way and route for the Plaintiff's use, which was also visible and easily discovered at anytime by the plaintiff or any person desiring to use the cross walk area crossing Government Street from South to North along the East side of Joachim Street, and Defendant avers that the Plaintiff, notwithstanding that this portion of the West side of the cross walk crossing Government Street from South to North along the East side of Joachim Street was plainly apparent to Plaintiff as a safe route for her use, negligently undertook to use the cross walk at the place described in the complaint, without any necessity for so doing, and as a direct and proximate consequence of her said negligence was caused to collide with a traffic box, which said negligence contributed proximately to the injuries and damages complained of."

The plaintiff insists that the trial court erred in overruling her demurrer to Plea 5 in that it fails to aver that the plaintiff had notice of the presence of the traffic or signal box or notice of facts sufficient to put a person of ordinary care and prudence on the lookout.

The effect of our holdings in a number of cases is that a pedestrian traveling upon a public sidewalk may assume that it is in a proper condition for public travel, and is not required to be on the lookout for defects or obstructions; and in the absence of notice of the presence of a defect or obstruction, or notice of facts sufficient to put a man of ordinary care and prudence on the lookout, cannot be guilty of contributory

negligence if injured by the defect or obstruction. City of Birmingham v. White, 242 Ala. 211, 214, 5 So.2d 464; Great Atlantic & Pacific Tea Co. v. Miller, 229 Ala. 313, 314, 156 So. 834; City of Decatur v. Gilliam, 222 Ala. 377, 379, 133 So. 25; Walker County v. Davis, 221 Ala. 195, 197, 128 So. 144; City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841; City of Montgomery v. Ross, 195 Ala. 362, 365, 70 So. 634; Mayor and Aldermen of Birmingham v. Tayloe, 105 Ala. 170, 177, 178, 16 So. 576.

In all of the cases just cited the defect or obstruction was below the normal line of vision, uneven places in the sidewalk, a hole in a bridge or boxes on the sidewalk.

The case which more nearly resembles that presented by the pleadings here under consideration is McMurphy v. Pipkin, 260 Ala. 203, 69 So.2d 682, which is cited in brief filed on behalf of plaintiff, appellant. In that case the complaint alleged, in pertinent parts, as follows:

"* * * the plaintiff was walking in a southerly direction on the paved sidewalk of South Main Street in the City of Atmore, Escambia County, Alabama, said sidewalk being a public thoroughfare in said city; that when she reached a point on said sidewalk opposite and adjacent to 'The Sweet Shop', a restaurant operated by Will J. Sharpless, one William Stotts, an agent, servant or employee of the defendant W. J. McMurphy and who was then and there acting in the scope of his employment and in the line of his duties on behalf of McMurphy's Dairy, suddenly, negligently and with great force opened a screen door which opened outwardly from said Sweet Shop on to said sidewalk and thereby caused said screen door to strike the plaintiff with such force as to knock her off of said sidewalk and cause her to fall to the street which is at a level considerably below said sidewalk and to suffer the injuries hereinafter set out." (260 Ala. 204, 69 So.2d 683)

The defendant interposed to that complaint the following plea:

"4X. That the Plaintiff was guilty of negligence which contributed to her injury for in this, that at the time the plaintiff approached the door to the Sweet Shop the same was open and visible for a sufficient length of time to enable her to observe said obstruction, and the plaintiff then and there was engaged in opening or closing an umbrella and walked into said door, which by the use of due care, she would have observed and could have avoided, and thus suffered the injuries complained of." (260 Ala. 204, 69 So.2d)

Although the obstruction there involved was a door, which was in the normal line of vision of the plaintiff, we followed the holding of our cases heretofore cited and held that demurrer should have been sustaind to the plea because it did not aver that plaintiff had notice of the presence of the open door or notice of facts sufficient to put a person of ordinary care and prudence on the lookout.

Plea 5 in this case omits the same averments and, hence, the plaintiff insists that our holding in the McMurphy case, supra, requires a holding here that the trial court erred in overruling the demurrer to Plea 5.

We do not agree. We think there are material differences in the two pleas. The plea in the McMurphy case, supra, was directed to a complaint which showed that the obstruction was of a temporary nature, a door which had been opened out onto the sidewalk, and the plea shows on its face that the plaintiff was guilty of momentary inattention in opening or closing an umbrella. For aught appearing, the door could have been opened just as the plaintiff gave her attention to the operation of the umbrella and therefore did not see the door although it was in the normal line of her vision.

Plea 5 is directed to a so-called obstruction which was affixed to a more or less

permanent object, a pole which was embedded in the sidewalk, and there are no averments in Plea 5 showing momentary inattention on the part of the plaintiff just before she walked into or against the signal or traffic box.

The presumption that persons using public streets may assume that they are reasonably safe for travel only protects those who are in the exercise of such ordinary care at the time as the situation on the whole would lead a reasonably prudent man to observe in respect to conditions immediately ahead. That duty requires a person to look ahead with his eyes open, and to see what ordinary vision would necessarily see unless his attention is temporarily distracted on account of some concurrent extemporaneous event sufficient to that end. In such a situation, the traveler, having a right to assume that the walkway is reasonably safe for travel and free from dangerous obstructions, and having no need to keep his eyes constantly fixed on the path of the walkway, or to look way ahead for defects which should not exist, or to exercise such extreme vigilance as to see in any and all events obstructions or defects in the walkway ahead, nevertheless must use ordinary care not to collide with an obvious object in or near the walkway. He must keep his eyes open and look ahead with enough constancy to detect an obvious object in plain view, unless his attention is distracted for good cause. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880.

In view of the foregoing, we hold that the trial court did not err in overruling the demurrer to Plea 5. We do not think our holding here is in conflict with the holdings in Walker County v. Davis, 221 Ala. 195, 128 So. 144, and in City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22. In the Walker County case, supra, the plea in abatement was directed to a complaint which charged that the plaintiff's injuries resulted from negligence of the county in permitting a hole to remain in a bridge. In the Carle case, supra, the plea in abatement

shows on its face that the obstruction was not in the sidewalk or walkway, but in a grass plot which bordered the outer edge of the walkway, and it does not appear that the obstruction over which plaintiff in that case tripped or fell was in the normal line of her vision.

Written Charges 1 and 2 were given at the request of the defendant without error. They are in the language of Charges 24 and 25, the giving of which was held not to be reversible error in Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121.

Written Charge 3 given at the request of the defendant follows substantially the language of Charge 16 which we held given without error in the Jacks case, supra, with this addition: " * * * and if you are reasonably satisfied from the evidence in this case that the City did maintain the *cross walk* at the location involved in this case in a reasonably safe condition for travel then you must return a verdict for the City." (Emphasis supplied) We do not think the language added by Charge 3 to that of Charge 16 in the Jacks case, supra, in any wise changes the effect of Charge 16 in the Jacks case. True, the signal or traffic box was affixed to a pole embedded in the sidewalk and not in the crosswalk across Government Street, but that fact does not work to make the giving of the charge reversible error. An explanatory charge could have been requested.

On cross-examination of the plaintiff, counsel for the defendant asked her the following question: "Have you ever noticed, crossing Dauphin Street and Royal, going north, have you ever noticed a fire box on the sidewalk just as you step up on the sidewalk?" Objection interposed by the plaintiff's counsel was overruled. The plaintiff replied: "I don't remember seeing one." In view of the answer of the witness we cannot say that injury resulted from the court's action overruling the objection, even if it be assumed to have been erroneous. Injury will not be presumed,

but must be affirmatively disclosed. Howell v. Dodd, 229 Ala. 393, 157 So. 211. Overruling an objection to a question propounded a witness is harmless where the witness answers that he does not know, or does not remember. Brown v. Johnson Brothers, 135 Ala. 608, 33 So. 683; Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509; Herzfeld Lumber Co. v. Langley, 18 Ala. App. 485, 93 So. 378.

 On further cross-examination of plaintiff, counsel for the defendant asked the following question: "Had you ever, prior to this time, given the City of Mobile any notice that this was a dangerous condition existing there?" Objection to the question was sustained. Counsel for the defendant then pointed out to the court that the plaintiff in her complaint alleged:

"* * * and which defect or obstruction was allowed to remain uncorrected after the same had been called to the attention of the governing body of the City of Mobile, or in any event, had existed and remained as a defect or an obstruction for such length of time that the existence of same was known to the City of Mobile, and with such knowledge, they had failed and neglected to remove the same."

The court thereupon reversed its former ruling and overruled the objection. Substantially the same question was again put to the plaintiff by counsel for the defendant. Objection was again interposed and was overruled. The witness answered "No." This action of the trial court does not in our opinion constitute reversible error. Aside from the fact that the complaint did contain the language quoted above, the answer of the plaintiff was in no wise injurious to her. It had been her position all along that she did not know of the existence of the so-called obstruction and, of course, her answer that she had not given the City notice of its existence was in all respects consistent with her previous position.

During the course of the argument of counsel for the plaintiff the following transpired:

"MR. KILBORN: I think His Honor will charge you, as a matter of law, it is negligence in and of itself for the City of Mobile to place an obstruction in its streets—it constitutes a nuisance when you put something in the street.

"MR. KENNAMER: We object to that statement as not being the law.

"THE COURT: I sustain the objection, gentlemen, there is no evidence that there was a nuisance.

"MR. KILBORN: No, sir; the creation of an obstruction in the street in and of itself is, per se, a nuisance.

"THE COURT: I sustain the objection.

"MR. KILBORN: Well, if you don't call it a nuisance, it is negligence to put an obstruction in the street and leave it there.

"MR. KENNAMER: I object to that—that it is negligence to put an obstruction in the street and leave it there.

"THE COURT: I will sustain the objection. And I will ask you, gentlemen, if you will, to argue the evidence and the inferences raised from the evidence, and the Court will attempt to charge the jury on the law, but you cannot state what you think the Court will charge the jury."

 This suit was not tried on the theory that the presence of the signal or traffic box constituted a nuisance. For that reason alone it was not error to sustain objection to the statement of counsel for plaintiff, "* * * it constitutes a nuisance when you put something in the street."

 If the plaintiff had wanted the jury to be instructed that the placing of

the signal or traffic box so that it protruded into the walkway constituted negligence as a matter of law, a written instruction to that effect should have been requested. No such request was made. It is the duty of the court to charge the jury as to the law of the case and not that of counsel. And we do not find reversible error on the part of the court in advising counsel to the effect that he should not argue to the jury what he thinks the court will charge the jury. If the statement of the court was improper it was in no way challenged by the plaintiff.

In our judgment the trial court did not err in overruling the grounds of the motion for a new trial which took the point that the verdict of the jury was contrary to the great weight of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We do not think reversible error is made to appear in the record and the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.