213 So.2d 246

**LEHIGH PORTLAND CEMENT COMPANY**

v.

**Jim John DOBBINS et al.**

**LEHIGH PORTLAND CEMENT COMPANY**

v.

**MICHIGAN MUTUAL LIABILITY COMPANY.**

**6 Div. 507, 508.**

Supreme Court of Alabama.

June 20, 1968.

Rehearing Denied Aug. 15, 1968.

P. P. Vacca and Cato & Hicks, Birmingham, for appellant

Jones, Propst & Topazi, Birmingham, for appellees.

MERRILL, Justice.

Appellees, in 6 Div. 507, sued Lehigh Portland Cement Company and Lone Star Cement Company for alleged damages to their home resulting from blasting operations. Sometime later, Michigan Mutual Liability Company filed a petition for declaratory judgment (6 Div. 508) showing that they had homeowners coverage on the home of appellees, and appellees were suing on the policy for the same damages as in their suit against the cement companies; and a declaration was sought as to whether appellees' home was damaged, and if so, the insurer's liability, and the right of subrogation in the event the cement companies or either were found liable.

Both suits were consolidated for trial. In 6 Div. 507, the verdict and judgment was in favor of appellees against appellant Lehigh Portland Cement Company in the amount of $4,000. Lone Star Cement Company was discharged. After its motion for a new trial was overruled, Lehigh appealed.

In 6 Div. 508, the court found that the coverage under the Michigan Mutual Liability Company was limited to $3,000, and entered a judgment in that amount against the insurer, but permitted the insurer to be subrogated so as to receive credit in full for the $3,000 judgment if appellant (Lehigh) paid the $4,000 judgment to appellees. Appellant's motion for a new trial was overruled and the appeal was, by stipulation, consolidated in one record because the decision in 6 Div. 507 would govern in 6 Div. 508.

Appellant argues twenty-five assignments of error, but we think they can be grouped into five categories; the first of which deals with the question of proximate cause, and the argument that the dates of the damage is left to conjecture and speculation.

Appellant correctly points out that this case is governed by the law applicable to claims for damages caused by concussion and vibration and not by those cases where stones or debris are cast on the property of the claimant. The rule in Alabama is that where one is lawfully blasting on his own property, there is no liability for injuries resulting from concussion or vibration in the absence of a showing that the work was done negligently and that the injury was the result of negligence and not the result of blasting according to the usual methods and with reasonable care. Vulcan Materials Co. v. Grace, 274 Ala. 653, 151 So.2d 229; Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748.

Appellees alleged that their house was damaged sometime in October, 1963. According to appellant's records, it did not blast but two days in October, one on either the 10th or 11th and one on the 30th. In the month of October, Lone Star blasted on five days, one of them being on October 23rd. A company still farther away, Dolcito Quarry, blasted ten days in October, including the 23rd.

Both appellees worked and were away from their home while the blasting occurred, and most of their neighbors remembered a heavy blast on or about October 23rd, but there was evidence that appellant had blasted during October. Their records showed their first blast was on October 10th but their plant manager testified that the first blast was on October 11th.

Appellant's quarry was located approximately 2,500 feet west of appellees' residence, the Lone Star quarry about 4,800 feet in a southwesterly direction and the Dolcito quarry farther than Lone Star but in an easterly direction.

■ Appellant cites McDowell & McDowell, Inc. v. Barnett, 277 Ala. 302, 169 So.2d 324, in support of its contention that it would be conjectural as to whether or not appellees' damage was the proximate result of appellant's blasting whether or not negligently done. It is sufficient to say that, in that case, there was no evidence to support the verdict and judgment, while here, there is.

The second group of assignments of error charge that the trial court erred in permitting appellees' expert witnesses to testify as experts on the issues of negligence and its effects. The main expert witness for appellees was John Fred Wood, age 74, who had been engaged in mining from age 15 to 70. He had used dynamite and fertilizer type explosives, was familiar with the Dupont Handbook and had used it. Appellant argues that he was not qualified because he had never used Tovex or Nilite, which was used by appellant during the period in question. Tovex and Nilite are brand names of explosives handled by Dupont, Nilite being the fertilizer type of explosive, ammonia nitrate.

Appellant argues that appellees' expert witness, Russell B. Culp, should not have been allowed to testify as to whether, in blasting, the rock strata tends to conduct the vibrations. Culp was shown to be 74 years of age, a graduate in civil engineering from Purdue University, with experience as a field engineer, a construction engineer, and he supervised the putting in of foundations for mills and blast furnaces at Ensley and Fairfield for T. C. I., which sometimes required deep foundations going through 25 to 30 feet of solid rock, and he was experienced in the use of explosives.

The trial court permitted counsel for appellees to ask K. C. Wiles, plant manager of Lone Star Cement Company, "if the vibration that is transmitted through rock will follow that rock whether or not the strata changes?" The witness said a few words and ended up with "I don't know."

■ The overruling of an objection to a question is harmless where the witness answers he does not know or does not remember. Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259; Bailey v. City of Mobile, 277 Ala. 111, 167 So.2d 294.

■■ The competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279. We cannot say that the trial court abused its discretion in its rulings in the matter of appellees' expert witnesses.

The third group of assignments of error charge that the court erred in overruling objections to hypothetical questions asked expert witnesses of the appellees. We think the witnesses (previously named) were qualified to express an opinion, and that the questions were based upon evidence before the court.

■ A hypothetical question is not objectionable because it omits to hypothesize every fact shown by the evidence, for an examiner of an expert witness may lay as a basis for the opinion invited only those facts in evidence which conform to the theory the examiner would establish, though, of course, such question should in-

corporate sufficient facts in evidence to fairly justify the formation of an expert opinion on a material issue in the case; the frame and substance of hypothetical questions to expert witnesses being a matter largely committed to the discretion of the trial court. (Citing cases) Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480.

■ In one instance, appellant argues that a hypothetical question was improper because it was not supported by the evidence, citing the rule that hypothetical questions based in part on matters not shown by the evidence are improper. Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334. The question was "I'll ask you whether or not as an expert in this field if, in your opinion, the quarrying operation including the blasting which is done in connection therewith could be conducted in such a manner as to not do structural damage to a residence at a point 2,000 to 2,500 feet away." The trial court overruled objection and the question was answered. Earlier in the trial, appellant's plant manager Haigh was asked how far the blasting on October 11 was from appellees' home and he testified that he measured "in the neighborhood of about 2,400 feet." That statement satisfies the distance stated in the question and there was also testimony as to structural damage to appellees' residence when the question under review was asked. Clearly, it was based upon evidence in the case.

The fourth group of assignments of error charge that the court erred in refusing the requested affirmative charges, some with and some without hypothesis.

Some tendencies of the evidence supporting the action of the trial court in refusing the requested charges follow. In the month of October, 1963, appellees' house and the houses of other neighbors on the same street in Tarrant City were damaged by blasts coming from a westerly direction where appellant Lehigh and defendant Lone Star operated quarries. Lehigh, closest to appellees, conducted blasting operations only about half the number of times in each month as Lone Star, but used more than double the number of holes, and sometimes three and four times as much powder as did Lone Star.

One of the witnesses, Russell B. Culp, had been employed by Allstate Insurance Company to determine a claim of blasting damage by one of appellees' neighbors, Joe Adams. As part of Mr. Culp's total inspection, he examined other houses in the vicinity. He concluded that the Adams' claim for blasting damage was valid and so reported to Allstate.

John Fred Wood testified that appellant's blasting procedure was out of line with well-regulated and prudent mining practices in that they bored too many holes, too far apart and used too much powder, and not enough delay in the millisecond blasting caps.

■ Some of these facts were denied by appellant's experts, but it is certain that a jury question was presented. Conflicting statements are for the jury's determination, and the credibility of testimony is for the jury. Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921. We find no error in the refusal to give the requested affirmative charges.

The final group of assignments of error are concerned with the overruling of appellant's motion for a new trial. The argued grounds of the motion are the same as the points raised by the assignments of error already discussed. We cannot say that the trial court erred in overruling the motion.

The judgments in 6 Div. 507 (Circuit Court Case No. 6011) and 6 Div. 508 (Circuit Court Case No. 8305) are due to be, and are, affirmed.

Affirmed.

LIVINGSTON, C. J., LAWSON and HARWOOD, JJ., concur.