240 So.2d 593

**Austin J. BARFIELD**

v.

**Patsy Clements WRIGHT.**

**4 Div. 400.**

Supreme Court of Alabama.

Oct. 29, 1970.

Tipler, Fuller & Melton, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

HARWOOD, Justice.

The complaint below as originally filed contained two counts. Both counts claimed damages resulting from a collision between the defendant's automobile and that of the plaintiff. Count 1 averred the negligent operation of defendant's automobile, and Count 2 asserted that plaintiff's damages resulted from the wanton operation of defendant's automobile.

The defendant's demurrer to the complaint being overruled, the defendant then pleaded the general issue in short by consent with leave to give in evidence any matter in defense which might be specially pleaded but not to include set off or recoupment.

The defendant also filed a separate plea of recoupment.

For answer to the plea of recoupment the plaintiff filed a plea of the general issue in short by consent, etc.

Thereafter the plaintiff amended his complaint by substituting Count 1A for Count 1, and Count 2A for Count 2. The theory and gravamen of the latter two counts is respectively the same as their original counterparts, and any change wrought by the amending counts is insubstantial.

To the complaint as amended the defendant refiled her demurrer, and upon it being overruled, she refiled her plea of the general issue in short by consent, etc. The record as originally filed fails to show the refiling of the demurrer and the plea of the general issue in short by consent, etc., to the complaint as amended. However, the record as corrected by certiorari shows such refiling of the demurrer and the plea to the amended complaint.

The facts tend to show that the defendant was travelling toward Andalusia on U. S. Highway 84. As she came to the top of a hill the plaintiff was entering the highway from a side road and angled over into the right lane of the highway, and proceeded in the direction of Andalusia. Another automobile was approaching in the left lane. The defendant applied her brakes but nevertheless struck the rear of plaintiff's 1948 automobile. No appreciable damage was done to the plaintiff's automobile but defendant's automobile was considerably damaged.

The defendant testified she was driving at a speed of between 55 and 60 miles per hour when she first observed the plaintiff, and that the plaintiff's automobile was travelling between 5 and 10 miles per hour at the time she struck it. The plaintiff maintained his speed was 25 miles per hour at this time.

The jury was fully instructed as to the verdicts they might render after consideration of the case. The jury rendered a verdict for the defendant. The plaintiff's motion for a new trial being overruled, the plaintiff perfected this appeal.

The above thumbnail sketch of the facts we think will suffice for the purposes of this review.

Assignment of error No. 2 alleges error because of the court's action in sustaining the defendant's objection to the following question propounded to State Trooper Ward who arrived at the scene of the collision a short while after it occurred:

"Q. How many skid marks does a car generally leave when they apply the brakes?"

Just prior to propounding this question, Trooper Ward had testified he had been with the State for nine years and had investigated many wrecks. We gather therefore that the question was addressed to Trooper Ward as an expert.

A hypothetical question to an expert should incorporate sufficient facts in evidence upon which an expert opinion can be fairly based. Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346; Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480. The frame and substance of hypothetical questions to expert witnesses is left largely to the sound discretion of the trial court, and the ruling of the court in such matters will not be disturbed unless such discretion is abused. Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246.

The question as framed, and to which the objection was sustained, was

faulty because of its generality. It contained no reference to the model, type, or weight of the automobile nor whether it was equipped with two wheel or four wheel brakes, nor the force with which the brakes were applied, nor the speed of the automobile at the time of the application of the brakes. Other deficiencies could be pointed out.

The ruling of the court was proper in the premises.

Assignments of error 8, 9, and 13, have been argued jointly. These assignments relate respectively to the action of the court in giving at the request of the defendant charges 11, 12, and 16. All of these charges were instructions relating to contributory negligence on the part of the plaintiff. The plaintiff-appellant argues that error resulted in the giving of these charges because contributory negligence was not within the issues made by the pleadings in that there was no plea of contributory negligence filed to the original complaint, but only a plea of recoupment.

The record as originally filed would support appellant's argument. However, as before stated, the record as corrected shows that a plea of the general issue in short by consent, etc., was filed to the original complaint, and refiled to the complaint as amended.

■ The plea of the general issue in short by consent, etc., would include a plea of contributory negligence in defense of Count 1A, the negligence count. Wilhite v. Webb, 253 Ala. 606, 46 So.2d 414.

In view of the record as corrected, appellant's argument in support of assignments 8, 9, and 13, is without merit.

Assignment of error No. 10 relates to the giving of defendant's requested Charge No. 13, which instructed the jury that if the jury was reasonably satisfied from all the evidence that the plaintiff was not keeping a proper look-out at the time and place of the accident and that such failure was the sole and proximate cause of the

plaintiff's alleged injuries, then the jury must return a verdict in favor of the defendant.

In argument in support of assignment of error No. 10, counsel asserts:

"The giving of the above charge is erroneous and the cases have held its giving will work a reversal for two reasons: (1) Subsequent negligence was an issue since plaintiff plead in short; (2) Contributory negligence was not plead by the defendant."

■ Subsequent negligence can be the basis for recovery under a count which charges simple initial negligence, and the giving of a "sole proximate" charge "is error when an issue of subsequent negligence is presented by the pleadings and the proof." Shepherd v. Johnson, 268 Ala. 69, 104 So.2d 755. This case was tried below on the basis of both the initial negligence, and the wantonness of the defendant, and also the contributory negligence of the plaintiff. The trial court did not instruct the jury on subsequent negligence.

This case must therefore be considered on the theory on which the trial was had, and subsequent negligence was not a part of the theory in the proceedings below. Southern Ry. Co. v. Terry, 268 Ala. 510, 109 So.2d 919.

As to counsel's argument that contributory negligence was not pleaded by the defendant, what we have said in discussing assignment of error Nos. 8, 9, and 13, disposes of this assertion.

■ Even though subsequent negligence may be laid to one side, Count 1B asserted wantonness, and the jury was instructed on this principle. We must therefore consider whether the giving of Charge 13 constitutes error under the particular posture of the case, since the defendant filed a plea of recoupment based solely on the alleged simple negligence of the plaintiff in causing the collision. Pleas of recoupment are in effect complaints and declarations of the

defendant against the plaintiff, and are attended with the same rights and subject to the same defenses as are original complaints. Trammell v. Robinson, 34 Ala. App. 91, 37 So.2d 142; Walker v. Southern Trucking Corp., 283 Ala. 551, 219 So.2d 379.

■ It would appear therefore that the court was justified in giving Charge 13 under the recoupment aspect, even though a charge involving sole proximate cause should not be given when an issue of wantonness or subsequent negligence is involved. The reason given for such rule is that the giving of a "sole proximate cause" charge in cases involving wantonness and subsequent negligence might tend to confuse the jury on the issue of subsequent negligence under the simple negligence counts, and also the wanton counts, and further, in practical effect makes the contributory negligence of the plaintiff an answer to the wanton counts, whereas a plea of contributory negligence will not lie to a count charging wantonness. See Boyette v. Bradley, 211 Ala. 370, 100 So. 647; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

A "sole proximate cause" charge usually states a correct principle of law as an abstract proposition, in that if the negligence of the plaintiff was the sole proximate cause of his own injury, then the defendant did not cause the injury and is not liable therefor.

The reason assigned for the rule established relative to the impropriety of giving a sole proximate cause charge in cases involving subsequent negligence, or wantonness, has been questioned, but the rule has been left in operation because of the large number of decisions implanting it in our jurisprudence.

In Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200, the late Foster, J., discussed the reasons for not giving such a charge under the conditions mentioned, and observed: " * * * which this writer thinks is a farfetched conclusion."

And in Seitz v. Heep, 243 Ala. 372, 10 So.2d 148, while following the holding in Boyette v. Bradley, 211 Ala. 370, 100 So. 647, Bouldin, J., stated: "If the matter were of first impression, this writer would treat such charge as misleading at most * * * *"

In the fairly recent case of McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209, the appellant sought to have the rule that a sole proximate cause charge cannot properly be given where subsequent negligence or wantonness is presented, extended to cases involving possible concurrent negligence.

In refusing to extend the rule, Justice Merrill wrote: "We have had enough trouble with the question when confined to wantonness and subsequent negligence and are not disposed to extend it."

■ We likewise are not disposed to extend the rule to the situation here presented, i. e., where the defendant has filed a plea of recoupment based on simple negligence. Insofar as the recoupment phase of the case was concerned, the charge was given without error. Had the plaintiff desired, he could have removed his facet of the case from the influence of the charge by requesting an explanatory charge.

No merit therefore attaches to assignment of error No. 10.

Assignment of error No. 11 asserts error because of the giving of Charge 14 requested by the defendant. This charge reads:

"The Court charges the jury that if, after a full and careful consideration of all the evidence, any individual juror is not reasonably satisfied from the evidence that Plaintiff was negligently or wantonly injured, then you cannot find for the plaintiff."

Our cases are to the effect that while "individual juror charges" such as Charge 14, might well be denied because of possible misleading tendencies, the giving of such

a charge will not cause a reversal of a judgment. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813.

Counsel for appellant-plaintiff argues that the charge is faulty because of the use of the term "after a full and fair consideration of all the evidence."

Reversal because of the giving of "individual juror charges" of similar import to Charge 14 has been refused where the charge was predicated upon "not reasonably satisfied from the evidence." Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205; "a consideration of all the evidence," Nelson v. Lee, 249 Ala. 549, 32 So.2d 22; "a full and fair consideration of all the evidence," Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; "a fair consideration of all the evidence," Gilmer v. Salter, supra.

■ It would indeed be hypertechnical to conclude that Charge 14 was rendered erroneous because of the employment of the term "full and fair consideration of all the evidence" in light of the holdings in the cases set out above, and the predicative bases employed for consideration of the evidence in the charges under consideration. We hold assignment of error 11 is without merit.

Assignment of error 16 asserts error in the giving of defendant's requested Charge 19. Charge 19 reads:

"The Court charges the jury that if you are reasonably satisfied from all the evidence in this case that the defendant was operating the automobile in a reasonable and prudent manner as she approached the place where the accident occurred and that while so operating the automobile she undertook to apply the brakes and that the brakes failed to function properly, through no negligence on the part of the defendant, and that after the brakes failed to function properly the defendant acted as a reasonably prudent person would have acted under the circumstances, I charge you that you should

not find in favor of the plaintiff and against the defendant."

In brief counsel for appellant argues:

"Not only was this defense not pleaded it was also not substantiated by the evidence. The defendant denied ever having defective brakes."

■ The defense of sudden emergency was within the defendant's plea of the general issue in short by consent, etc. There is ample direct evidence in the record from which an inference could be reasonably drawn that the defendant was confronted by a sudden emergency by the action of the plaintiff in entering the highway under the traffic conditions prevailing, and her inability to drive around plaintiff's automobile because of the automobile approaching from the opposite direction.

The record shows that plaintiff's witness Trooper Ward testified that the defendant had stated to him at the scene of the collision that she had had trouble with the brakes on her automobile, and had had it in a shop and the brakes had not been fixed.

The defendant denied having made such statement to Trooper Ward, and testified that the brakes on her virtually new automobile were not defective. The testimony of Trooper Ward was yet before the jury and justified the giving of Charge 19 at defendant's request.

Lastly, appellant argues assignment of error No. 1, which asserts error on the part of the court in overruling plaintiff's motion for a new trial.

■ No grounds of the motion for a new trial are specified, but appellant merely adopts "in its entirety" the argument made in support of the assignments above written to. Such presentation is insufficient both in form and argument to invite our review.

Affirmed.

MERRILL, BLOODWORTH, MADDOX, and McCALL, JJ., concur.