This is an appeal from an order granting defendant's motions for directed verdict. Whether the trial court was correct in granting the motions is the principal issue in this case. We hold that he was, and affirm his order.
On October 28, 1974, Gerald Harper interrupted his journey to work by parking his car and visiting with some friends. His visit over, he tried to start his engine. Nothing happened. He jumped the switch, and by doing so, the safety mechanism preventing movement while in park position was by-passed. When the engine started, the car moved forward and pinned him against the wall of a building. He was taken to the emergency room of the Baptist Medical Center-Princeton by an ambulance. There he was diagnosed by a staff orthopedic surgeon as having a severed popliteal artery just below the knee.
Emergency room treatment of Harper was provided by Baptist, but it would not admit him as a patient upon learning that he did not have hospital insurance. After remaining in the Baptist emergency room for about 4 hours, Harper was transferred to Mercy Hospital, a charitable institution. There, he underwent surgery.
Harper has a permanent foot drop. He walks with a limp, and allegedly is in constant pain. His malpractice suit against Baptist and G. Barnett Hardy, M.D., alleges negligence in their treatment, or their refusal to treat his injuries. Baptist and Hardy contend that they were under no duty to accept Harper as a patient, and deny the negligence alleged against them.
Neither Baptist nor Hardy owed a duty to Harper to provide him medical care because they had not accepted him as a patient before sending him to Mercy Hospital. See Birmingham BaptistHospital v. Crews, 229 Ala. 398, 157 So. 224 (1934). The facts do not show that Harper was admitted to Baptist. An ambulance took him to the Baptist emergency room where he was given medication for pain and examined by a staff orthopedic surgeon. An admissions officer asked him whether he had hospital insurance. Determining that he did not, she explicitly stated that he could not be admitted without insurance. At no time was Harper told that he had been admitted to Baptist.
This court, in Crews, held that evidence showing that an ill child was brought to a private hospital where she was given medication and oxygen, but then was sent away with advice to see her family physician, did not justify a finding that the hospital undertook to render service. In both Crews and this case, there was no evidence that the medication or treatment received at the hospital, created a condition which was the proximate contributing cause of the patient's permanent condition. The *Page 135 
treatment rendered by Hardy and Baptist was not known to be likely to, and did not, create a condition which was extremely dangerous without further service. All of the evidence, including the only expert testimony, that of Harper's own witness, shows that Hardy and Baptist followed the proper procedures and administered the proper treatment, and that the after-effects complained of resulted solely from the initial injury.
The expert witness testified on cross-examination as follows regarding the injury:
 "Q. Doctor, is it your opinion that Mr. Harper's foot drop and his present condition is due to the automobile accident?
"A. I think that it is, yes."
The burden of proof to establish negligence in a medical malpractice case is on the plaintiff. Berry v. Robertson,285 Ala. 623, 235 So.2d 657 (1970). "A showing that an unfortunate result has followed does not of itself shift the burden of proof;" the patient in a malpractice case must still show negligence. Parrish v. Spink, 284 Ala. 263, 224 So.2d 621
(1969). And, Harper has not presented any evidence of negligence of Baptist and Hardy. His present state, as his evidence shows, is the result of the accident.
There are two other issues presented for review in this appeal:
 1. Whether medical articles were properly authenticated so as to be admissible.
 2. Whether an expert witness should have been permitted to testify without the benefit of hypothesis.
 1
The trial court did not commit reversible error by refusing to admit into evidence Exhibits 2-6 which were articles from medical journals. To be authenticated for admission, a scientific treatise must be "testified to by an expert as being a standard and trustworthy" in the profession (Berry v.Robertson); and it must be relevant to the facts and issues at bar. Occidental Life Ins. Co. v. Nichols, 266 Ala. 521,97 So.2d 879 (1957). Exhibit 2 was properly excluded as it was not shown to be a standard. Exhibits 3-6 were found by the lower court to be irrelevant. The determination of the relevancy of the evidence rests largely in the discretion of the court and its ruling will not be reversed on appeal unless it is plain that error was committed. Occidental Life Ins. Co. Harper has not shown why we should not follow the determination of the trial court.
Moreover, if any error did occur, it was merely harmless error. "[A]n error in excluding evidence as to a certain fact is harmless where the fact is established by other evidence."McLemore v. Alabama Power Co., 289 Ala. 643, 648,270 So.2d 657, 660 (1972). Harper's Exhibit 7 was admitted and Harper's expert witness admitted that Hardy did not depart from the standards of treatment established by that work. Since one of Harper's exhibits showing the standard of treatment was admitted, Harper cannot be heard to complain.
 2
The trial court did not commit reversible error by requiring Harper's attorney to use hypothetical questions to solicit expert testimony as to the issue of the standard of care. A trial court's ruling on this matter will not be disturbed on appeal absent a showing of abuse of discretion. Barfield v.Wright, 286 Ala. 402, 240 So.2d 593 (1970). There was no abuse of discretion here.
As stated recently by this court in Hagler v. Gilliland,292 Ala. 262, 292 So.2d 647 (1974),
 "An expert may give his opinion based upon his own knowledge of the facts, stating these facts, then his opinion; or, he may give an opinion based upon a hypothetical question, based upon facts in evidence."
The court did not prevent Harper from fully examining his witness, but only from using improper questioning. The use of hypothetical questions was an avenue open *Page 136 
to Harper from the beginning of the trial and was suggested by the court numerous times as the proper mode of examination. In fact, Harper's attorney did use hypothetical questions without objection and was able to present his case fully and without harm. Thus, Harper failed to show that the court abused its discretion.
The motion for directed verdict was properly granted.
AFFIRMED.
HEFLIN, C.J., and MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur.