Appeal by Betty Poole Yates from a jury verdict in favor of Christian Benevolent Funeral Homes, Inc. We affirm.
Mrs. Yates filed suit against Christian Benevolent seeking damages for personal injuries sustained from a fall she had while attending a wake on its premises. The complaint alleged Mrs. Yates' fall was the proximate consequence of Christian Benevolent's negligent maintenance of its floor. She claimed to have suffered the following injuries as a result of the fall:
 "She was contused, bruished and abraised about her body; she suffered injuries to her back and neck, and was caused to suffer female disorders; she suffered and continues to suffer great mental and physical pain; her injuries are permanent; and she has incurred medical expenses in and about the treatment of her injuries, and will incur further expenses in the future."
Christian Benevolent answered generally and asserted, as an affirmative defense, contributory negligence on the part of Mrs. Yates. Trial followed and jury verdict was rendered in favor of Christian Benevolent.
On appeal, Mrs. Yates asserts two evidentiary rulings by the trial court to be reversible error. They are:
1. The overruling of her objection to the introduction into evidence of a court file from a prior proceeding and the reading of her deposition taken in connection with that proceeding; and
2. The overruling of her objection to a hypothetical question posed to her physician on cross-examination.
 I
Mrs. Yates contends the trial court erred in allowing the introduction into evidence of an original and amended complaint, from a prior lawsuit where she, a minor suing by her mother and next friend, sought damages on account of personal injuries resulting from an automobile accident. The crux of Mrs. Yates' contention is that the records did not fall within the category of admissible evidence from a former proceeding and were used to unduly discredit her. We disagree.
A party's pleading in a prior case is admissible in a subsequent action as an admission of the truth of the facts stated in the pleading if such pleading was filed in behalf of the party in another action, and was drawn under the party's direction or with his knowledge of its content. RedwingCarriers, Inc. v. Stone, 293 Ala. 726, 310 So.2d 206 (1975);Sosebee v. Alabama Farm Bureau Mutual Casualty Insurance Co.,56 Ala. App. 334, 321 So.2d 676 (1975).
The very style of the complaints show the pleadings filed in the prior lawsuit were filed in behalf of Mrs. Yates, a minor at that time. This evidence was relevant to show Mrs. Yates had filed a prior action claiming damages for injuries similar to those injuries alleged in the instant action, therefore the complaints were admissible in view of the evidence to which we will now allude.
Mrs. Yates further contends the trial court erred in allowing opposing counsel to read from her testimony in a deposition taken in the prior proceedings, which was also a part of the court record. We find this contention equally unpersuasive.
This court has said:
 "* * * `Where a party on the trial of an action advances contentions which are inconsistent with his prior conduct in relation to the matter in controversy, such prior conduct may be shown as being in the nature of an admission. * * *'" Elder v. Ralls Sanitarium, 219 Ala. 298, 122 So. 41 (1929).
Mrs. Yates testimony in that deposition was to the effect she suffered neck, back and female problems as a result of the automobile accident. During trial below, Mrs. Yates testified she had not suffered from neck, back and female problems prior to her fall at the funeral home. Hence her prior testimony in the deposition was inconsistent with her testimony at trial; therefore, admissible for impeachment purposes. *Page 138 
Moreover, this court has stated, and it is accepted, answers of a party to interrogatories of discovery in another case are admissible, in the nature of admissions, against that party in a subsequent case. Williams v. Bedenbaugh, 215 Ala. 200,110 So. 286 (1926); McElroy's Evidence, § 108.02, p. 366, 3d Ed (1977). The same is true for answers obtained through another method of discovery utilized in the prior lawsuit: depositions upon oral examination. Rule 30, ARCP.
 II
Mrs. Yates says the trial court erred in allowing her physician, whose qualifications as an orthopedic surgeon had been stipulated, to answer the following hypothetical question posed by opposing counsel on cross-examination:
 "Q Doctor, let me rephrase my question. If you have sworn testimony, would it make any difference in your opinion as to whether a patient were really having a pain if you assume these facts to be correct, that that patient in sworn testimony says that, as a result of this fall, she has back trouble, neck trouble and female trouble, that that same patient says under sworn testimony, `I never had any back trouble before, never had any neck trouble, back trouble or female trouble before the fall'? Do you understand that set of facts?
"A Yes, sir.
 "Q Further assuming that that same patient gives sworn testimony in a prior involvement, being back in 1967, that she was in an automobile accident, that she filed a twenty-five-thousand-dollar lawsuit claiming low back pain, head pain, side pain, female trouble. And assume that she testified in sworn testimony in that particular claim that she had been hospitalized for a long period of time because of those difficulties; that they kept her tied in bed for all of the pain that she was having for approximately a week or two weeks because of the low back pain, head pain, and what-have-you.
 "Now, I am asking you to assume that, and I am offering to the Court to say that I will offer such testimony; that, assuming that to be the case, please, sir, would that in any way affect your opinion as to the validity of the patient's complaints?"
After the trial court overruled the objection of Mrs. Yates' counsel, the doctor answered:
 "A Well, sir, I think this would have some weight in my thinking on this matter. I think if someone came down and told me they had sustained a fall, I would expect them to tell me they hurt and I would expect there to be some pain from a fall down a flight of stairs.
 "But for the same token, with no findings and no x-ray changes, if the patient continues to complain beyond the point which I thought they should be better, and I had this other information available to me, then I would somewhat question the complaints that they were continuing to voice."
In brief, Mrs. Yates contends it was reversible error to overrule her objection to the question because the question invaded the province of the jury and asked for a comment on whether the doctor thought her complaints of pain were valid. We disagree.
The admissibility of expert opinion evidence is governed by the rule that such evidence should not be admitted unless it is clear that the jurors themselves are not capable, for want of experience or knowledge of the subject, to draw correct conclusions from the facts proved. Hagler v. Gilliland,292 Ala. 262, 292 So.2d 647 (1974). The subject of the validity of a patient's complaints of pain is one upon which jurors, for want of experience or knowledge of the subject, might be unable to draw correct conclusions from the facts proved. Therefore, expert opinion in this area could be helpful.
The frame and substance of hypothetical questions to expert witnesses are matters committed to the discretion of the *Page 139 
trial court and the ruling of the trial court will not be disturbed unless there is a showing of abuse of discretion.Barfield v. Wright, 286 Ala. 402, 240 So.2d 593 (1970).
It is well recognized that an expert may give his opinion based upon his own knowledge of the facts, stating those facts, then his opinion, or he may give an opinion based upon a hypothetical question, based upon facts already in evidence.Hagler v. Gilliland, supra; Harper v. Baptist MedicalCenter-Princeton, 341 So.2d 133 (Ala. 1976); or evidence to be subsequently admitted. Birmingham Electric Co. v. Farmer,251 Ala. 148, 36 So.2d 343 (1948).
We noted earlier, in Part I, that the evidence of record contains: Mrs. Yates' testimony at trial that she had not suffered from any of the alleged disorders prior to her fall at the funeral home; and her previous testimony by deposition in the prior case when she complained of neck, back and female problems as a result of a prior automobile accident. Accordingly, we find the hypothetical question proper, and the trial court did not abuse its discretion, as the question was based upon facts subsequently admitted into evidence.
Finding no ruling of the trial court that merits reversal, we affirm.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.