BEATTY, Justice.
State Farm Fire and Casualty Company and Ronald J. Lippe (hereinafter “plaintiffs”) appeal from the trial court’s denial of their motion for new trial, which followed a jury verdict for the defendant, James Hollis Sawyer.[1] We affirm.
The plaintiffs brought this action against Sawyer for negligently or wantonly causing or allowing a fire to ignite in a residence owned by plaintiff Lippe and rented to Sawyer. The house was a total loss. Auto-Owners Insurance Company, Sawyer’s insurer, was added as a defendant because of its failure or refusal to provide insurance coverage on this fire destruction. Sawyer denied plaintiffs’ claim and counterclaimed for personalty lost in the fire due to plaintiffs’ alleged negligent maintenance of the premises.
Prior to trial, Auto-Owners Insurance Company was dismissed from the suit. Sawyer’s counterclaim and the plaintiffs’ wantonness count were also dismissed.
The jury returned a verdict for the defendant. The plaintiffs filed a motion for new trial, which was denied by the trial court. This appeal followed.
Plaintiffs raise two issues in this appeal:
(1) Did the trial court err in permitting, over objection, the defendant’s expert to offer opinion evidence?
(2) Was the verdict for the defendant against the great weight of the evidence?
Ronald and Joyce Lippe built their home outside of Dothan in 1981 at a cost of approximately $110,000. The Lippes lived in the house for a year and then rented the house to Sawyer for $600 per month. The lease signed by Sawyer was not in evidence, but Ronald Lippe testified that it was a standard lease and contained a clause providing that the tenant would be responsible for damages caused by the tenant’s negligence.
After the house had been rented to Sawyer for approximately ten months, plaintiff Lippe tentatively put the house on the market. On the day before the fire, Ronald Lippe had shown the house to a prospective buyer. That same night Lippe went to the *250 house to pick up the rent check and to have dinner with Sawyer and his wife.
The fire occurred the following morning. By the time the fire department arrived at 10:12 a.m., the entire house was engulfed in flames and eventually burned to the ground. Sawyer testified that a pot of grease had been left on the stove the night before. He also testified that he had made tea on the morning of the fire and then had left the premises. Sawyer also testified that he always used a particular eye of the stove and that he had put the tea pan in the sink when he was finished. He also testified, “I’m pretty sure I turned the burner off.” Sawyer testified that the dishwasher was on when he left the house. He had previously reported to Lippe that the dishwasher had on occasions malfunctioned.
A witness for the plaintiffs testified that, at the scene of the fire, Sawyer said, “I think I left a burner on [on] the stove.” The fire marshal was then informed of that possibility, and the stove, manufactured by Jenn-Air, was pulled out of the debris, along with some pans identified by Sawyer as being those left on the stove. The focus of the fire investigation centered on the stove and the location of certain pans on the stove, one of which contained grease.
At the time of the fire, the fire marshal made several photographs of the scene and, particularly, of the stove itself. Another investigation was made two days later by Bob Pate, a fire expert hired by the plaintiffs. Pate also took photographs of the fire scene and several photographs of the stove itself. A comparison of the fire marshal’s photographs and those taken by Pate indicated that the stove had been set off further from the fire debris in the two days that had elapsed before Pate visited the scene of the fire.
There was considerable disputed testimony concerning the value of the house and the personal property contained within, which is not relevant to this appeal.
I.
As best we can glean from the plaintiffs’ argument, their primary objection to the expert testimony presented by the defendant concerning the cause of the fire was that the expert, Jim Posey, lacked personal knowledge of the fire scene and, therefore, that any testimony elicited from him had to be in the form of a hypothetical question. Plaintiffs also claim the trial court erred in permitting Posey to use a Jenn-Air stove as a demonstrative aid to his testimony.
Posey’s testimony revealed that he had made no personal inspection of the fire scene at the time of the fire, and had made no physical examination of the evidence. On direct examination by defense counsel, Posey was shown the photographs taken by the fire marshal and those taken by one of the plaintiffs’ experts, Bob Pate. Both sets of photographs were admitted into evidence. The following testimony occurred:
“Q. Do you feel that because you didn’t visit the fire scene shortly thereafter that you’re unable to render an opinion in this case.
“MR. STEAGALL: I object to the leading question, Your Honor.
“THE COURT: I overrule.
“A. No, sir.
“MR. SHEALY: And tell the jury why not?
“A. Well, I have sufficient photographs here to look at to render an opinion that I don’t know what caused the fire or where it started for sure. I also have sufficient evidence here about this contention about a stove — a grease fire. From viewing the evidence that the fire investigators have taken, I have an opinion about that part of it as to whether or not that caused the fire.
“Q. Could you tell the jury that—
“MR. STEAGALL: We object, Your Honor.
“THE COURT: I think you need to lay a better predicate.
“MR. SHEALY: Mr. Posey, based upon looking at these photographs and in your years of experience as a fire investigator in determining cause and origin, the fact that the photograph showed this stove that’s in issue here today, are you able to render an opin *251 ion as to whether or not a grease fire was caused on that stove?
“A. Yes, sir.
“Q. And would you tell the jury—
“MR. STEAGALL: We object, Your Honor.
“THE COURT: I overruled the objection.
“A. In my opinion, this was not a grease fire.” (Emphasis added.)
There was no objection made by the plaintiffs concerning Posey’s qualifications to testify as an expert. Thus, the narrow issue before this Court is whether the trial court abused its discretion in permitting him to give his opinion as to whether the house fire’s origin was a grease fire on the stove, where the basis for the hypothetical question was photographs of the stove, which were in evidence.
Our analysis of this issue begins with the standard of review this Court set forth in Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478, 480 (Ala.1984):
“It is axiomatic that rulings as to the admissibility of evidence rest largely within the discretion of the trial court. Such rulings will not be disturbed on appeal in the absence of a gross abuse of discretion. Dorcal, Inc. v. Xerox [Corp.], 398 So.2d 665 (Ala.1981).”
In Osborne Truck Lines, Inc. v. Langston, 454 So.2d 1317, 1329 (Ala.1984), quoting from Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246 (1968), this Court stated:
“ ‘A hypothetical question is not objectionable because it omits to hypothesize every fact shown by the evidence, for an examiner of an expert witness may lay as a basis for the opinion invited only those facts in evidence which conform to the theory the examiner would establish, though of course, such question should incorporate sufficient facts in evidence to fairly justify the formation of an expert opinion on a material issue in the case; the frame and substance of hypothetical questions to expert witnesses being a matter largely committed to the discretion of the trial court. (Citing cases) Sovereign Camp, W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480.’ [Emphasis in Langston.]”
And, as this Court noted in Thompson v. Jarrell, 460 So.2d 148, 150 (Ala.1984), the following is also well settled:
“[A]n expert witness may give opinion testimony based upon either facts of which he has personal knowledge or facts which are assumed in a hypothetical question. Alabama Power Co. v. Robinson, 447 So.2d 148 (Ala.1983), reh’g denied; Yates v. Christian Benevolent Funeral Homes, Inc., 356 So.2d 135 (Ala.1978). See, C. Gamble, McElroy’s Alabama Evidence, § 130.01 (3d ed. 1977). In either event, ‘the facts known the expert or hypothesized] must be facts in evidence.’ Hagler v. Gilliland, 292 Ala. 262, 265, 292 So.2d 647 (1974).”
Plaintiffs cite us to the case of Yeager v. Hurt, 433 So.2d 1176 (Ala.1983), for the proposition that an expert cannot derive personal knowledge from the review of photographs; therefore, they say, an opinion based solely on review of photographs is not permissible. We do not think that Yeager stands for the proposition that an expert can never base his opinion on a photograph. Cf. Alabama Power Co. v. Scholz, 283 Ala. 232, 241, 215 So.2d 447 (1968) (trial court permitted expert to give an opinion based on a photograph in evidence).
In Yeager, the trial court refused to allow the expert, an automobile theft investigator, to testify as to his opinion of whether a serial number on a motorcycle had been altered based on his observation of a photograph of the motorcycle showing the serial number. This Court noted that the trial court’s ruling was particularly justifiable in light of the fact that another expert, who had personally inspected the motorcycle, testified that he could not determine from that personal inspection whether the serial number had been altered. In this case, both of the plaintiffs’ experts testified that their examination of the stove, as represented by the photographs, formed the basis of their opinions as to the cause of the fire. The plaintiffs’ experts used the photographs to explain to the jury how *252 certain factors, such as the placement of the pans on the stove, the burned materials found on the stove, and the decomposition of the stove itself from the heat of the fire, supported their opinion as to the cause of the fire.
In Yeager, the opinion testimony sought concerning the serial number could not be supplied even by the expert who had examined the motorcycle itself. Therefore, the trial court in Yeager did not abuse its discretion in not permitting opinion testimony based on a photograph of the motorcycle. Under the facts of this case, the plaintiffs’ experts, who testified from personal examination of the stove itself, but who also used the photographs in evidence to explain to the jury their findings of fact supporting their opinion, validated the accuracy of the “facts” depicted in the photographs of the stove. In this instance, the use of the photographs in framing the hypothetical question was merely a shorthand method of incorporating “sufficient facts in evidence.” As this Court held in Dyer v. Traeger, 357 So.2d 328, 330 (Ala.1978): “[A]n objection to [the expert’s] testimony on the ground of inadequacy of facts, goes to the weight of the evidence rather than to its admissibility,” citing Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896 (1959). Therefore, under the facts of this case, the trial court did not abuse its discretion in permitting the defendant’s expert testimony.
The plaintiffs further claim that error occurred when the trial court permitted Posey to use a Jenn-Air stove as a demonstrative aid. The record reveals that the Jenn-Air stove photographed at the scene of the fire was moved to the place where one of the plaintiffs’ experts was employed. However, by trial, that stove had been “lost” and was not available for use at trial. Because the original stove had been lost, the defendant used as an aid at trial another Jenn-Air stove similar to it. At the outset, the plaintiffs objected to the use of this stove, arguing that there had been no proper foundation or identification. The trial court ruled that the use of the stove would be permitted, providing that the proper foundation was later made.
The Jenn-Air stove was never formally introduced into evidence. However, it did remain in front of the jury for the duration of the trial and was, in fact, used by witnesses from both sides to explain testimony. As the Court of Appeals held in Kabase v. State, 31 Ala.App. 77, 83, 12 So.2d 758, 764 (1943):
“ ‘Demonstrative or real evidence, or evidence by inspection, is such evidence as is addressed directly to the senses of the court or jury without the intervention of the testimony of witnesses, as where various things are exhibited in open court.’ 32 C.J.S., Evidence, p. 454 § 601; Underhill’s Criminal Evidence, 4th Ed., pp. 148,168, Sections 115,125; Chamberlayne Trial Evidence, Tompkins 2nd Ed., pp. 603, 613, Sections 632, 642; Wigmore on Evidence, Vol. 1, p. 222, Sec. 24, Vol. 2, p. 672, Sec. 1151; Wigmore’s Code of Ev., p. 223, Rule 136; 20 AmJur., p. 600, Sec. 716; Jones Evidence, Vol. 3, p. 2518, Sec. 1376. The tenor of its proffer is immaterial. It becomes evidence — the fact it imports — when it is properly identified and exhibited before the jury in open court for their inspection. Of such import are the foregoing authorities.”
See also Berard v. State, 402 So.2d 1044, 1047 (Ala.Crim.App.1981), at footnote 1: “Although the slides were not formally admitted, the fact that they were used in connection with the giving of testimony made them evidence in this case.”
This Court held in Liberty National Ins. Co. v. Weldon, 267 Ala. 171, 190, 100 So.2d 696 (1958):
“The pertinent rule is that articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time of the occurrence.... Dennison v. State, 259 Ala. 424, 66 So.2d 552, and cases cited; Northern Alabama Ry. Co. v. Mansell, 138 Ala. 548, 36 So. 459; Burdett v. Hipp, 252 Ala. 37, 39 So.2d 389."
*253 Therefore, the question before this Court is whether a proper foundation was laid for the admission of the Jenn-Air stove. The following question was posed to the defendant Sawyer, who had lived in the house at the time of the fire: “Now, is the stove that we have in this Courtroom today a true and fair representation of the stove that was in the Lippe house owned by Mr. Lippe?” Sawyer responded: “It looks exactly like it to me. Everything is the same.” Based upon this testimony, we hold that a proper foundation was laid for the admission of the Jenn-Air stove and that the trial court did not abuse its discretion in permitting its use in the courtroom subject to the proper foundation being later made. See Code of 1975, § 6-8-103 and § 15-14-4; Davis v. Southland Corp., 465 So.2d 397 (Ala.1985); National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447 (1933); Sansom v. Covington County Bank, 17 Ala.App. 556, 87 So. 406 (1920). See also 5A C.J.S. Appeal & Error, § 1605 (1958).
II.
The plaintiffs also argue that the jury’s verdict is against the great weight of the evidence. Specifically, the plaintiffs contend that their two experts agreed that the house fire was caused by a grease fire. Against this is balanced only one expert for the defendant who disagreed with the grease fire theory, but who was unable to give an opinion as to the origin of the fire. We find no merit to this argument.
In Coleman v. Steel City Crane Rentals, Inc., 475 So.2d 498, 501 (Ala.1985), this Court held:
“A jury verdict is presumed to be correct and will not be reversed unless the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. Shelby County v. Oldham, 264 Ala. 626, 627, 89 So.2d 106, 107 (1956). The presumption of correctness accorded a jury verdict is strengthened when the trial court denies a motion for a new trial. TG & Y Stores v. Atchley, 414 So.2d 912, 914 (Ala.1982).”
See also Fendley v. Dozier Hardware Co., 449 So.2d 1236 (Ala.1984). Having ruled that the trial court did not err in permitting the defendant’s expert to testify as to the origin of the fire, we find no error by the trial court in refusing to grant a new trial. Reviewing all the evidence in this case and the inferences to be drawn from it, we conclude that this case was clearly one for the jury.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.

. Sawyer’s wife Lena was also named as a defendant. She was later dismissed and is not involved in this appeal. Our references shall be to Mr. Sawyer as if he had been the only individual defendant.