RICHARD L. HOLMES, Retired Appellate Judge.
This ease involves an appeal from the trial court’s award of an attorney’s fee for the collection of a debt.
This action was filed by Tom E. Prickett and Lois Prickett to collect an amount due under a promissory note which was secured by a mortgage. The promissory note provided that “[i]f this note is collected by an attorney by suit or otherwise, or if suit be brought upon it to enforce the payment, obli-gors agree to pay [a] reasonable attorney’s fee and all costs of collection.”
A settlement agreement was executed between Robert G. Mapes and Dorothy J. Mapes (who had sold the property to a husband and wife who had received a discharge in bankruptcy) and the Pricketts on September 27,1993. The settlement agreement provided in pertinent part:
“1. That [the] Pricketts accept the sum of $109,154.06 as full payment of all indebtedness due them from the promissory note ... the receipt of which is hereby acknowledged save and except a reasonable attorney’s fee in favor of their attorney ... and which said issue of attorney fees is to be litigated and decided by this court....
“5. Further that it is the intent of the parties hereto to settle all issues between them and all other parties herein now and forever including the other case described above, except for the issue of a reasonable attorney’s fee that may be due [the Prick-etts’] attorney and this agreement may be filed in the file of this action-.”
A hearing was held on the issue of whether the attorney representing the Pricketts was entitled to a reasonable attorney’s fee for the collection of a debt and, if so, the amount of such attorney’s fee. After the hearing the trial court issued an order, awarding $16,373 as a reasonable- attorney’s fee in this case. The trial court indicated that it based its *479 determination “[u]pon careful consideration of the file, the parties’ agreement, and the argument of most competent counsel.”
This appeal followed. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: The Pricketts sold a mobile home park, consisting of real estate and some mobile homes. This sale was financed by a promissory note in the amount of $150,000 and was secured by a mortgage. Subsequently, this mobile home park was sold on two additional occasions. Each subsequent purchaser agreed to assume the indebtedness owed the Pricketts and to hold the previous purchaser harmless.
The Pricketts began their pursuit to collect the debt evidenced by the promissory note and secured by a mortgage when the third purchasers ceased making payments to the Pricketts. The third purchasers eventually filed bankruptcy and received a discharge in bankruptcy. As previously noted, this matter was settled between the parties to this appeal for $109,154.06, with the stipulation that the court was to determine the amount to be awarded as a reasonable attorney’s fee.
At the hearing before the trial court, the Pricketts presented testimony from a practicing attorney who had been licensed in the State of Alabama for over 20 years and who was familiar with the collection of debts. This attorney testified that he had reviewed the court file, as well as the file maintained by the Pricketts’ attorney regarding this matter. He testified that it was his opinion that, due to the complexity of the case, a reasonable attorney’s fee would be 15% to 20% of the amount collected.
In Lanier v. Moore-Handley, Inc., 575 So.2d 83, 85 (Ala.1991), our supreme court stated that “[t]he reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court.” Our supreme court further stated in Lanier that when reviewing the amount awarded as an attorney’s fee in a case, the appellate court should consider the entire record. Such a review of the record is made with a presumption in favor of the trial court’s determination. Further, the trial court’s judgment will not be disturbed on appeal unless it is apparent from a review of the entire record-that the trial court abused its discretion. Lanier, 575 So.2d 83.
Twelve factors that the trial court should consider when awarding an attorney’s fee are listed in Lanier, 575 So.2d at 85. After listing these 12 criteria, our supreme court states the following:
“Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees.
“While we recognize that the reasonableness of an award of attorney fees is within the discretion of the trial court, subject to correction only for an abuse of discretion, we must be able to discern from the record what factors the trial court considered in determining the amount of attorney fees.”
Lanier, 575 So.2d at 85 (citations omitted).
We would note that the issues raised by the Mapeses on appeal relate to the trial court’s refusal to allow testimony regarding alleged misconduct on the part of the attorney representing the Pricketts. We would further note that this alleged misconduct occurred prior to the settlement agreement of September 27, 1993. This alleged misconduct related to whether the attorney had knowledge of additional payments which would have been, but were not, applied to the principal. However, this was not relevant to the issue before the trial court. Therefore, we cannot say that the trial court abused its discretion or committed reversible error when it refused to allow such evidence at the hearing. Harper v. Baptist Medical Center-Princeton, 341 So.2d 133 (Ala.1976); C. Gamble, McElroy’s Alabama Evidence, § 21.01(6) (4th ed. 1991).
After reviewing the entire record, this court cannot say that the trial court abused its discretion in awarding $16,373 as a reasonable attorney’s fee to the Pricketts. Consequently, this case is due to be affirmed.
The Pricketts request that this court award damages to them as provided in Rule 38, A.R.A.P. This request is denied.
*480 The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.